[Civ. No. 12076. First Dist., Div. Two. Sept. 29, 1942.]

ALLI HELLE et al., Appellants, v. CITY AND COUNTY OF SAN FRANCISCO (a Municipal Corporation), Respondent.

Carl A. Onkka for Appellants.

John J. O'Toole, City Attorney, and Edmond P. Bergerot, Deputy City Attorney, for Respondent.

NOURSE, P. J.—Plaintiffs sued for personal injuries and had a verdict for $5,000. The trial court granted defendant's motion for a new trial on the ground that the evidence was insufficient to support the verdict.

Mrs. Helle was on her way home at about 7:30 p. m. when she slipped and fell while walking down some wooden stairs maintained by the defendant. These stairs were in a dilapidated condition — some boards were loose and some were broken. It had been raining and the stairs were slippery from water and mud. Mrs. Helle had used the stairs almost daily and knew of their dilapidated and dangerous condition. The city authorities had been notified of this condition, but had

made no repairs. The location of the stairs was upon a steep hill and they had been constructed by the city to enable pedestrians to pass between two parallel streets on the hill. These streets were paved and in good condition, with paved sidewalks for pedestrians, but to follow this route Mrs. Helle would have been required to walk about one hundred and twenty feet farther than she did in taking the route down the stairs.

One of the defenses raised by respondent was that Mrs. Helle was guilty of contributory negligence, when, with full knowledge of the dangerous and unsafe condition of the stairs, she chose that way instead of the safe way provided by respondent and that this factor has emphasis in the admitted knowledge that the stairs presented an extra hazard because of the rain and mud. These circumstances were all developed from appellants' evidence, and it must be apparent that if the jury had found that Mrs. Helle was guilty of contributory negligence there would have been sufficient evidence to support a verdict for respondent.

For these reasons we are confronted with the rule that when a new trial is granted upon the ground that the evidence is insufficient the order must be affirmed unless it is shown that there was a manifest or unmistakable abuse of discretion. (20 Cal. Jur. 27, 28.) This rule is well stated in *Hames* v. *Rust,* 14 Cal. (2d) 119, 124 [92 P. (2d) 1010], as follows: "When the motion is granted, as here, for insufficiency of the evidence, it is only in rare cases showing abuse of discretion that an appellate court will interfere because the trial judge must weigh all the evidence and determine the just conclusion to be drawn therefrom. (*Hanlon Dry Dock & Ship. Co.* v. *Southern Pac. Co.,* 92 Cal. App. 230, 232 [268 Pac. 385].) It cannot be held that a trial court has abused its discretion where there is a conflict in the evidence *or where there is any evidence which would support a judgment in favor of the moving party.* (*Wendling Lbr. Co.* v. *Glenwood Lbr. Co.,* 153 Cal. 411 [95 Pac. 1029] ; *Roma Wine Co.* v. *Hardware Mutual Fire Ins. Co.,* 31 Cal. App. (2d) 455 [88 P. (2d) 260] ; *Prout* v. *Perkins,* 21 Cal. App. (2d) 343 [69 P. (2d) 194] ; *Taylor* v. *Rodriquez,* 10 Cal. App. (2d) 608 [52 P. (2d) 494] ; *Peri* v. *Culley,* 119 Cal. App. 117 [6 P. (2d) 86].)" (Emphasis ours.)

For these reasons the order is affirmed.

Sturtevant, J., and Spence, J., concurred.