[Civ. No. 7035.   Third Dist.   July 31, 1944.]

LILLIAN M. LOCKE, Respondent, v. THE RED RIVER LUMBER COMPANY (a Corporation) et al., Defendants; BENNETT'S INC. (a Corporation), Appellant.

Van Dyke & Harris and L. R. Hollingshead for Appellant.

Hardin Barry and Duncan Oneal for Respondent.

THOMPSON, J.—The defendant Bennett's Inc., a corporation, has appealed from a judgment which was rendered against it in a suit for damages for personal injuries sustained by the plaintiff as a result of stepping into an open crack in the concrete floor of a store at Westwood, California, operated by the appellant as lessee of the premises. The cause was tried by the court sitting without a jury. Findings were adopted favorable to the plaintiff to the effect that the appellant was guilty of negligence in knowingly permitting the dangerous crack to remain in the floor for a period of more than two years, and that plaintiff was free from contributory negligence. A judgment for the sum of $3,045 was accordingly rendered in favor of the plaintiff. It is not contended that the judgment is excessive.

The appellant contends that the plaintiff, as a customer in the store, was a mere licensee toward whom it was merely liable for wilful and wanton neglect, and that the plaintiff was guilty of contributory negligence in failing to observe the hole which was plainly visible to one who exercised ordinary care. In other words, it is asserted the proprietor is not liable for injuries sustained to a customer on account of obvious defects in the store.

The defendant Red River Lumber Company owned a store building at Westwood, which was leased October 15, 1935, to the appellant, Bennett's Inc., a corporation, and operated

as a mercantile establishment. The store contained various departments on the ground floor. In the men's furnishing department of that portion of the store where the accident occurred, goods were displayed on tables adjacent to a main aisle leading to the front entrance. The aisle was about eight feet in width. The floor was constructed of concrete which was marked in squares and painted a gray color, although the concrete was mixed with pigment of a pink color. For more than two years prior to the accident a crack was permitted to exist in the concrete floor, along the middle of that aisle. During that period of time the crack increased in size until it became 3 or 4 feet in length, 4 inches wide at the center of the defect, and ¾ of an inch in depth. Along one side of the crack the wall of the depression was nearly perpendicular. On the other side the concrete was broken and crumbled and receded gradually. The janitor who was employed by the appellant testified that the hole "got quite good-sized" and that he had "spoken" to his boss, Mr. Piedmont, about it several times.

The plaintiff, a woman sixty years of age, was required to use glasses only for the purpose of reading. She had occasionally traded at that store for about two months before the accident occurred. She had no previous knowledge of the existence of that hole in the surface of the concrete floor. She had never observed it until after the accident occurred. In the forenoon of November 6, 1939, she went to the store to make several purchases. She bought some meat and selected a dress which she left for alterations with Mrs. Phyllis Taylor, an employee of the appellant in the ladies' ready-to-wear department, with a promise of delivery of the dress about four o'clock that afternoon, but it was not then completed. She filled an engagement at the beauty parlor in that store, and ate her lunch at the fountain counter. At six o'clock at night, when the whistle blew as a warning for customers to depart, in company with her friend, Mrs. Taylor, she hastened along the main aisle toward the front entrance on her way out of the building. While doing so she stepped into the hole in the surface of the concrete floor, at a point near the cash register, and was thrown violently to the floor. As a result of the fall, she sustained serious injuries to her knee, her hip and the lower extremity of her spine. She

suffered intense pain, and was confined to a hospital for several months. The amount of the judgment which was rendered is not challenged as excessive.

After the accident occurred the plaintiff was placed in a chair about 8 feet from the point where she fell. She testified at the trial that she could plainly see the hole in the concrete floor from the point where she sat, but that she had never seen it before the accident and did not previously know that it existed, although she had formerly traversed the various aisles in the store on several occasions.

At the time of the accident the lights were burning. The plaintiff was a healthy, vigorous woman and her eyesight was good. She then wore shoes with moderate height Cuban heels.

The cause was tried by the court sitting without a jury. Findings against the appellant were adopted to the effect that plaintiff, as an invitee in the appellant's store, was injured as alleged in her complaint on account of its negligence in knowingly permitting a defective and dangerous crack to remain in the concrete floor of the aisle for a period of more than two years without repairing it and without notifying plaintiff of that danger; that the floor in the aisle in question was not in a reasonably safe condition, but on the contrary was defective and dangerous to customers, and that the plaintiff, as an invitee and customer of the appellant "while walking along said aisle suddenly, *without fault on her part,* without warning, or knowledge, previous or present, of the existence of said crack," stepped into the hole and fell to the floor seriously injuring herself as previously related. Judgment was accordingly rendered in plaintiff's favor for the sum of $3,045, together with her costs. From that judgment this appeal was perfected.

The appellant's contention that the plaintiff was a mere licensee toward whom it was merely liable for wilful and wanton neglect is without substantial merit. The plaintiff went to the store for the purpose of purchasing goods from that mercantile establishment. She remained in the store until the closing time at six o'clock in the evening for the purpose of procuring the dress after it had been altered. While hastening down the main aisle to the entrance door, she unwittingly stepped into the hole she did not know existed and was injured.

326

Under such circumstances plaintiff was clearly an invitee toward whom the merchant was bound to exercise ordinary care to keep the aisles in reasonably safe condition and to warn her of existing dangers. (*Hodge* v. *Weinstock, Lubin & Co.*, 109 Cal.App. 393 [293 P. 80]; *Brinkworth* v. *Sam Seelig Co.*, 51 Cal.App. 668 [197 P. 427]; *Thompson* v. *B. F. Goodrich Co.*, 48 Cal.App.2d 723 [120 P.2d 693]; *Sanders* v. *City of Long Beach*, 54 Cal.App.2d 651 [129 P.2d 571]; *Buckingham* v. *San Joaquin Cotton Oil Co.*, 128 Cal.App. 94, 98 [16 P.2d 807]; 19 Cal.Jur. 621, § 55.) The relationship of an invitee as distinguished from a mere licensee has been held to exist when it appears that the injured person enters the building or premises of another for a purpose which is of mutual interest to himself and the owner or occupant of the property. (*Aguilar* v. *Riverside Cooperative Creamery Assn.*, 104 Cal.App. 263, 266 [285 P. 889]; *Young* v. *Bates Valve Bag Corp.*, 52 Cal.App.2d 86, 92 [125 P.2d 840].) Clearly the mission of the plaintiff in this action in visiting the mercantile establishment of the appellant at the time of the accident was that of a customer with the purpose of purchasing goods, which rendered her an invitee and not a mere licensee.

The chief contention of the appellant is that the plaintiff may not recover damages for injuries received as a result of stepping into the hole in the surface of the concrete floor of the aisle because the defect was plainly visible and that she was therefore guilty of contributory negligence in failing to exercise reasonable care. It is asserted that the finding of the court that plaintiff was injured, "without fault on her part," is not supported by the evidence. We are of the opinion this court is bound, under the circumstances of this case, by the finding of the trial court in that respect.

In several California decisions it has been held, under circumstances somewhat similar to those of the present case, that a failure to observe an object or defect, which might have been seen by close scrutiny, does not necessarily constitute contributory negligence on the part of one who, without previous knowledge of its existence, is injured thereby. Those authorities hold that the question of contributory negligence should be determined from all of the facts and conditions surrounding the accident complained of; that the issue of contributory negligence is usually one of fact to be determined

by the jury or the trial judge, with which solution a reviewing court may not interfere unless it appears as a matter of law that the plaintiff was guilty of a lack of ordinary care. (*Neel* v. *Mannings, Inc.*, 19 Cal.2d 647, 655 [122 P.2d 576]; *Hodge* v. *Weinstock, Lubin & Co., supra; Walsh* v. *Maurice Mercantile Co.*, 20 Cal.App.2d 45 [66 P.2d 181]; *Brinkworth* v. *Sam Seelig Co., supra; Thompson* v. *B. F. Goodrich Co., supra; Sanders* v. *City of Long Beach, supra;* 19 Cal.Jur. 735, § 141.) In the Sanders case the court appropriately said:

"In each of those cases it was held that the question of contributory negligence was for the jury where the plaintiff invitee tripped and fell over an unexpected but plainly visible obstruction on the floor of fully lighted premises to which the invitation extended, but which obstruction the plaintiff had failed to see."

The principles expressed in the foregoing language are applicable to the present case.

The cited authorities further hold in that regard that if the facts and circumstances of the particular case are of such a nature that reasonable minds might differ with respect to the question of the exercise of due care on the part of the plaintiff the conclusion of the jury or the trial court in that regard will not be disturbed on appeal. In 38 American Jurisprudence, at page 870, section 191, it is said that while one is ordinarily required, in the exercise of reasonable prudence, to use his senses of sight and hearing with due diligence, the mere failure to observe a visible defect which causes injuries does not necessarily constitute contributory negligence. The failure to see an obvious defect may be otherwise reasonably accounted for by the circumstances of the case. The text last cited declares that "it is not contributory negligence to fail to look out for danger where there is no reason to apprehend danger."

In the Neel case, *supra,* an order of the trial court rendering judgment for the defendant, notwithstanding the verdict for damages in favor of the plaintiff, as a result of striking her head against a board negligently fastended across the top of a stairway, was reversed by the Supreme Court. In that case, unlike the present one, the plaintiff had previous knowledge of the dangerous condition of the stairway by reason of the existence of that board. The court said she was

"familiar with the existing condition." With respect to the principle previously announced regarding the province of a jury or the trial court to ordinarily determine the question of the existence of contributory negligence, even when a dangerous object is visible, the Supreme Court said in that case:

"Even though the evidence did establish that the alleged defect in the construction of defendant's premises was patent and observable to anyone using the stairway, and that in addition plaintiff by reason of her past visits to the restaurant was familiar with the existing condition, there would still be the question for the determination of the jury as to whether or not it was a want of ordinary care on the part of the plaintiff not to have kept in mind such element of danger. . . .

" 'Where different conclusions may be reasonably drawn by different minds from the same evidence, the decision must be left to the jury.' "

We may not hold as a matter of law that the plaintiff in this case was guilty of contributory negligence in failing to see the hole in the concrete floor of the aisle. We cannot say she did not use that degree of care which should have been exercised by a reasonably prudent person under such circumstances. That being true, we may not interfere with the finding of the court in that regard. The plaintiff had no previous knowledge of the defect in the floor. She had no reason to anticipate that the main aisle to the front entrance in that general mercantile establishment would be in a dangerous condition for customers to use. She had a right to assume the proprietor of the store would provide his invited customers with safe aisles in which to walk. The circumstances in that regard are similar to those in the Hodge case, *supra,* and other previously cited authorities in which the courts held that the plaintiffs were not guilty of contributory negligence for failure to see obvious defects. The plaintiff in this case testified that she did not know of the defect in the floor; that, in response to the whistle warning customers of the closing of the store, she was hastening down the aisle toward the front entrance for the purpose of departing; that the lights were on, "the store was full of customers," and tables were placed on either side of the aisle upon which goods were displayed. Under such circumstances we are bound by the finding of the

trial court that the plaintiff was not guilty of contributory negligence.

The judgment is affirmed.

Adams, P. J., and Peek, J., concurred.

A petition for a rehearing was denied August 29, 1944, and appellant's petition for a hearing by the Supreme Court was denied September 28, 1944.