The attempted appeal from the order denying motion for new trial is dismissed.

The judgment is affirmed.

York, P. J., and Doran, J., concurred.

[Civ. No. 7222. Third Dist. May 14, 1946.]

DOSS PORTER et al., Respondents, v. CLINT THOMPSON et al., Appellants.

J. W. Hawkins and Hawkins & Hawkins for Appellants.

Myron Moyle and Leslie A. Cleary for Respondents.

THOMPSON, J.—The defendants have appealed from an order granting a new trial, after judgment was rendered in their favor pursuant to the verdict of a jury. The suit was for damages for personal injuries received by the plaintiff, Marie Porter. She sustained a broken leg and ankle as the result of a fractious cow jumping the fence of an enclosure adjacent to which said plaintiff sat upon a bleacher. She was present as a prospective purchaser at an auction sale conducted by the defendants. The enclosure and seats were maintained by the defendants. Mrs. Porter was an invitee at that sale. The defendants were charged with negligence in failing to provide a reasonably safe enclosure and adequate supervision for the protection of the customers. The new trial was granted on the ground, among others, of the insufficiency of the evidence to support the verdict and judgment.

For several years the defendants had owned and operated an auction business near Modesto for the purpose of selling cattle. For that purpose they maintained a corral near a building within which they constructed an enclosure fifteen by thirty feet in size for exhibition of the cattle for sale. It was built with heavy posts firmly set in the ground, seven and a half feet apart. On the inside of the posts base timbers were nailed, above which there were two twelve-inch planks. These timbers extended upward from the ground about thirty inches. Above the planks three one-half-inch wire cables extended about six inches apart through auger holes bored in the upright posts. The upper cable was placed only four feet and eight inches from the ground, and it sagged several inches between the posts. There were two gates opening into separate lanes leading from the enclosure to the corral on the outside of the building. These lanes were fenced on either side. One gate was used for the cattle to enter, and the other for their exit. Close to the inner enclosure there was constructed, on two sides thereof, three rows of seats for the use of customers. The seats were built on ascending elevations from front to rear, like "bleachers."

On June 7, 1943, the plaintiff, Marie Porter, and her husband, Doss Porter, left a bull with the defendants for sale. Later that day, Mrs. Porter entered defendants' building and sat adjacent to the enclosure on the second row of seats, as a prospective purchaser of a cow. Two or three attendants and the defendant, Clint Thompson, were present. A cow was brought into the enclosure for inspection and sale, and the gates were closed. The cow was nervous and became frightened. It ran frantically about the enclosure, and approaching "upon the dead run," to the side upon which Mrs. Porter sat, it "jumped over" the upper cable, landing upon her, violently striking and pawing her, as a result of which she sustained a broken leg and ankle, a dislocated foot, numerous bruises, and other serious injuries. In scrambling for a foothold, to get over the cable, the cow broke the upper plank of the fence. The board upon which Mrs. Porter sat was broken and she was hurled to the ground. She was subsequently removed from the building.

When the cow went on a rampage, instead of opening the gate for it to escape, or attempting to otherwise protect the spectators, the attendants "got out of there as quick as possible." The defendant, Clint Thompson, admitted that he

was present on an occasion about a year and a half before this incident, and saw another cow escape from the enclosure by going over or through the fence "between the cables."

At the conclusion of the trial the jury rendered a verdict in favor of the defendants, finding that they were "not guilty of negligence." A judgment was rendered accordingly. A motion for new trial was granted on the specified ground of insufficiency of the evidence to support the verdict. From that order this appeal was perfected.

In support of the order granting the new trial, the respondents challenge, as erroneous, two instructions which were given to the jury at the request of the defendants upon the subject of "latent or concealed perils." In view of our subsequent conclusions it does not appear to be necessary to pass upon the relevancy or accuracy of these instructions.

The chief contention of the appellants is that the court abused its discretion in granting a new trial since the uncontradicted evidence clearly shows that they were not guilty of negligence, and that they had no knowledge of the fact that the cow in question was nervous or dangerous to the spectators.

In determining whether the defendants were guilty of negligence which proximately caused the injuries complained of, it was the duty of the jurors, and the trial judge upon the motion for new trial, to consider all of the proved facts and circumstances surrounding the incident. The question to be determined is, what would a reasonably prudent person be required to do, under such circumstances, for the protection of his invited customers? The fact that the defendants did not actually know that the particular cow in question was fractious, nervous or dangerous does not necessarily acquit them of negligence on that score. They were expert auctioneers of cattle, who had been in that business for several years. They had handled and sold hundreds of cows. We must assume that some of the animals were likely to become fractious, irritable, nervous and dangerous. The defendants handled and sold cattle which we assume had various temperaments, tendencies and natures. On a former occasion another fractious cow broke through the enclosure. It is not unreasonable to assume that the defendants should have anticipated that some of the cows would become uncontrollable and resort to dangerous behavior when driven into the small

enclosure in the presence of spectators. Since it was the duty of the defendants to provide a reasonably safe enclosure, it is a proper inquiry as to whether a fence four feet eight inches high, with a sagging upper cable, is reasonably safe for the protection of prospective customers who are seated adjacent thereto. The court might reasonably infer that the enclosure was unsafe, and that defendants should have added another cable to increase the height of the fence, or at least that they should have tightened the sagging top cable. The court also had a right to assume it was the duty of the defendants to provide attendants to reasonably guard the cattle in the enclosure, and that, instead of fleeing for their own safety when the cow went upon a rampage, they should have opened the gate to permit the animal to escape, or otherwise restrain it for the protection of the spectators.

These and other questions were proper for the judge to consider on the motion for new trial. Certainly this court may not hold as a matter of law that the judge abused his discretion in granting a new trial merely because he disagreed with the jury regarding the defendants' exercise of ordinary care where there is a serious conflict of evidence upon that subject, as there was in this case.

 The plaintiff, Marie Porter, was an invitee. She was a prospective purchaser of cattle at the auction sale which was being conducted by the defendants. It was defendants' duty to exercise reasonable care to maintain supervision and a reasonably safe enclosure and seats for the customers. (*Locke* v. *Red River Lumber Co.*, 65 Cal.App.2d 322 [150 P.2d 506].)

 An invitee, as distinguished from a mere licensee, is one who enters the premises where the injury occurs for the purpose of mutual interest to himself and the owner or occupant of the property. (19 Cal.Jur. § 55, p. 621.)

 The trial court has a wide discretion in granting or denying a new trial, which may not be disturbed on appeal except for manifest abuse of that discretion. This is especially true when the motion for new trial is granted by the same judge who tried the case, even though there be a conflict of evidence upon the essential issues involved, unless it clearly appears that the evidence would in nowise support a judgment for the prevailing party on the motion. (*Tweedale* v. *Barnett*, 172 Cal. 271, 274 [156 P. 483] ; *Thompson* v. *Schurman*, 65 Cal.App.2d 432 [150 P.2d 509] ; 20 Cal.Jur. § 13,

p. 27.) In *Rosenberg* v. *Geo. A. Moore & Co.*, 194 Cal. 392, at page 396 [229 P. 34], it is said:

" 'If there is a substantial conflict in the evidence, the trial court will not be deemed to have abused its discretion when it has determined that the verdict or the finding is against the weight of the evidence, and that there should be a new trial. "When the evidence is conflicting, the trial court is authorized to review it, and if, in its opinion, the verdict is against the weight of evidence, it is its duty to grant a new trial." ' [Citing authorities.]"

In an able dissenting opinion Mr. Justice Edmonds, in the case of *McCordic* v. *Crawford*, 23 Cal.2d 1, at page 9 [142 P.2d 7], appropriately said:

"The Legislature has recognized that the interests of justice may require an independent reweighing of the evidence by the trial judge after rendition of the verdict by the jury, and this court has, upon occasions, criticized the reluctance of trial judges generally to exercise their power of granting a motion for a new trial for insufficiency of the evidence and their inclination to acquiesce in a verdict which does not constitute the just conclusion to be drawn from the evidence. (*Green* v. *Soule*, 145 Cal. 96, 102 [78 P. 337].) In case after case it has been emphasized that the trial judge, unlike an appellate court, has had the same opportunity as the jury to observe the manner of the witnesses and to pass upon their credibility; as a consequence he cannot rely upon a conflict in the evidence to uphold the verdict but must exercise his duty to see that it is not clearly against the weight of the evidence. [Citing many authorities.]"

Numerous cases support the foregoing conclusion that it is the ultimate duty of a trial judge, in the interest of justice, to determine whether the verdict of a jury is in accordance with the weight of the evidence, and to grant a new trial when he is conscientiously of the opinion that it is not in accordance therewith. (*Green* v. *Soule*, 145 Cal. 96, 102 [78 P. 337]; *Estate of Green*, 25 Cal.2d 535, 542 [154 P.2d 692]; *Helle* v. *City and County of San Francisco*, 54 Cal.App.2d 571 [129 P.2d 461]; *Whitfield* v. *de Brincat*, 35 Cal.App.2d 476 [96 P.2d 156]; *Petroff* v. *Nunes*, 136 Cal.App. 416 [29 P.2d 293]; *Grover* v. *Sharp & Fellows Contracting Co.*, 66 Cal.App.2d 736 [153 P.2d 83]; 20 Cal. Jur. § 13, p. 27.) In the Petroff case, *supra*, it is said:

"Both the judge and the jury have their independent functions to perform, subject only to the sound and sensible restrictions of the law. With due respect for the great benefits derived from our jury system, the conscientious and skilled judge, after all, must assume the final responsibility of seeing that all verdicts substantially conform to justice and law."

The respondents rely upon the doctrine of res ipsa loquitur, and discuss that principle to some extent. But it seems unnecessary, under the circumstances of this case, to determine its applicability to the facts proved.

We conclude that the court did not abuse its discretion in granting the motion for new trial.

The order is affirmed.

Adams, P. J., and Peek, J., concurred.