[Civ. No. 16133.   Second Dist., Div. Two.   Feb. 11, 1948.]

GLADYS C. SHINN, Appellant, v. C. STANLEY JOHNSON et al., Respondents.

Lyle W. Rucker for Appellant.

Crider, Runkle & Tilson for Respondents.

WILSON, J.—■ On plaintiff's appeal from a judgment rendered in favor of defendants on their motion for a nonsuit consideration can be given only to the evidence most favorable to plaintiff's cause of action, to every reasonable inference that may be drawn therefrom and to every presumption that can fairly arise in support of her allegations. (*Weck* v.

*Los Angeles County Flood Control District,* 80 Cal.App.2d 182, 190 [181 P.2d 935, 940]; *Anthony* v. *Hobbie,* 25 Cal.2d 814, 817 [155 P.2d 826]; *Lashley* v. *Koerber, 26* Cal.2d 83, 84 [156 P.2d 441]; *Wood* v. *Samaritan Institute,* 26 Cal.2d 847, 849 [161 P.2d 556].) By reason of this rule we conclude that it was error to grant the motion for a nonsuit and that the issues should have been determined by findings of fact.

Defendant Johnson was the owner of a trailer park accommodating from 350 to 500 people including approximately 50 children of tender years. Defendant Shane was employed by Johnson as manager of the trailer park. Plaintiff and her husband rented space in the park for their trailer which they occupied at the time of the occurrence that is the basis of this action. Defendants maintained rest rooms or washrooms upon the premises for the benefit and common use of the patrons of the trailer park, each building having separate accommodations for men and women. In each rest room there were toilet facilities, hot and cold water for bathing, shower stalls and washbowls.

Plaintiff entered one of the rest rooms about 10:30 o'clock in the evening of the accident in question for the purpose of making her preparations for retiring for the night. She was attired in a rayon nightgown over which was a dotted swiss robe. There were three washbowls with a mirror over each available for her use. She chose the washbowl and mirror over which the light was brightest. While preparing her toilet she stood at a distance of approximately 14 inches from the front of an open-faced portable gas heater which was maintained by defendants for heating the rest room.

The gas in the heater was burning when plaintiff entered the room. The heater was connected with the main gas pipe by means of a flexible hose about 2 feet long. The heater could have been moved about within the radius of the flexible hose but plaintiff did not move it or touch it, nor did her clothing touch the stove. Her robe and nightgown caught fire from the flame in the gas heater, causing severe burns upon her body for which she seeks to recover damages in this action.

The flexible hose serving the heater was connected with the pipeline which supplied gas to the automatic water heater located a few feet distant from the gas heater in the washroom. The heater was an old type and had no barrier in front of the flame except three small metal rods; there was

no screen or other protection to prevent the flame from flashing beyond the front of the stove or to prevent clothing from being drawn into the flame by a sudden draft of air. The heater was approximately 20 inches in length, 12 inches in depth and 14 inches high. The entrance to the washroom was directly opposite the place where plaintiff was standing and the window over the washbowl which she was using was broken.

Whether or not the gas heater was defective; whether defendants were negligent in maintaining it with no screen or barrier in front of the flame; whether they were negligent in having failed to repair the broken window over the washbowl where plaintiff stood, thus preventing a draft when the outside door directly opposite the window was open; whether such draft would or did cause the flame to extend beyond the front of the heater; whether when the flame under the water heater was automatically shut off the increased gas pressure would cause the flame in the gas stove, which was connected with the main gas line of the water heater, to increase in volume; whether plaintiff was guilty of contributory negligence—these and other questions of fact and such pertinent inferences as may be drawn from the evidence are matters which must be determined by findings of fact and not brushed aside by the granting of a motion for a nonsuit.

Since the judgment must be reversed a specification of error upon the rejection of evidence should be determined for the guidance of the trial court in further proceedings.

Evidence given by witnesses as to statements made by defendant Shane, Johnson's manager, to the effect that he had known that the gas heaters in the washrooms were dangerous and should be replaced, was admitted by the court as against Shane but not as against Johnson. A principal is chargeable with and bound by the knowledge of his agent while the agent is acting within the scope of his authority. (*Dressel* v. *Parr Cement Co.*, 80 Cal.App.2d 536, 540 [181 P.2d 962, 964] ; *Faires* v. *Title Ins. & Tr. Co.*, 15 Cal. App.2d 350, 354 [59 P.2d 428] ; *McKenney* v. *Ellsworth*, 165 Cal. 326, 329 [132 P. 75].) Since Shane was Johnson's manager in the operation of the trailer park the court erred in rejecting the evidence as against Johnson.

Judgment reversed.

Moore, P. J., and McComb, J., concurred.