[Civ. No. 17824. Second Dist., Div. Two. Oct. 27, 1950.]

MARTHA GOUGH ROBBINS, Appellant, v. YELLOW CAB COMPANY (a Corporation), Respondent.

Wing, Wing & Brown for Appellant.

Bauder, Gilbert, Thompson, Kelly & Veatch and Henry F. Walker for Respondent.

WILSON, J.—This case was before this court on a former appeal from a judgment dismissing the action upon the ground that jurisdiction was exclusive under the provisions of the Workmen's Compensation Act and section 3601 of the Labor Code. The judgment was reversed. (*Robbins* v. *Yellow Cab Co.*, 85 Cal.App.2d 811 [193 P.2d 956].) The action was retried and is now here on plaintiff's appeal from a judgment in favor of defendant following the granting of the latter's motion for a directed verdict.

The established rules governing the trial court in the granting of a motion for a nonsuit or a directed verdict are set forth in *Weck* v. *Los Angeles County Flood Control Dist.*, 80 Cal.App.2d 182, 190 [181 P.2d 935], and the functions of an appellate court in reviewing a judgment following the

granting of such a motion are found in *Bosqui* v. *City of San Bernardino*, 2 Cal.2d 747, 760 [43 P.2d 547], and *Shinn* v. *Johnson*, 83 Cal.App.2d 661, 662 [189 P.2d 322]. Pursuant to the rules there stated, when all the evidence and all possible inferences and presumptions are considered plaintiff has failed to make out a case.

Plaintiff was employed by defendant as a cashier, her hours being from midnight until 8 o'clock the following morning; her husband was employed in defendant's trim department, working on the day shift. About 3 o'clock in the afternoon on April 20, 1945, appellant visited defendant's premises for the purpose of obtaining her paycheck; after she had received it she went to the trim department to see her husband; he told her he had not had an opportunity to take up his paycheck and directed her to go to the supply department and get it.

The trim department and the supply department were on opposite sides of the central garage, which was used for the storage of taxicabs. About the middle of the central garage there was a depression in the floor about 18 by 45 feet in area used as a wash rack for the washing of taxicabs. The lowest point of the rectangular depression was 15 inches lower than its sides. The depression and the surrounding floor of the garage were of a "blackish or brownish" composition. The pit was not fenced or otherwise distinguishable from the remainder of the floor. It extended a short distance into the so-called passageway between the trim department and the supply department. At the time plaintiff was proceeding to the latter department to obtain her husband's paycheck one or more cabs were being washed with water and a soapy solution. Plaintiff had the choice of three possible routes from the trim department to the supply department, one of them being across the end of the wash pit. As she approached the pit she started through the "passageway," a space between the cab being washed and others parked behind it awaiting washing. As she entered such space she slipped and fell, causing the injuries for which she is endeavoring to recover damages. She testified that she walked slowly and with caution.

Upon the former appeal we held that at the time of the accident plaintiff was not on defendant's premises by reason of her employment and was not injured in the course of her employment. ▮ She was not an invitee or business visitor

since she was not on defendant's premises for the purpose of mutual interest to herself and defendant. (*Porter* v. *Thompson*, 74 Cal.App.2d 474, 478 [169 P.2d 40]; *Locke* v. *Red River Lbr. Co.*, 65 Cal.App.2d 322, 326 [150 P.2d 506].) There is no claim that she was a trespasser. Inasmuch as she was not on the premises as an invitee or for any purpose of interest or benefit to defendant but was there solely for the benefit of herself and her husband she was a licensee. (*Bush* v. *Weed Lbr. Co.*, 63 Cal.App. 426, 432 [218 P. 618].) We said on the former appeal (p. 814) that defendant's policy with reference to the delivery of paychecks "was for the convenience of its employees, not of respondent." As a licensee she entered the premises at her own risk. Defendant owed her no duty to keep the premises in a safe condition, its only duty having been to abstain from wanton or wilful injury. (*Demmer* v. *City of Eureka*, 78 Cal.App.2d 708, 712 [178 P.2d 472].) Plaintiff had been employed as defendant's cashier for a long period of time before the accident and had knowledge of the presence and condition of the wash pit; she could have proceeded along either of two other routes that were safe and free from the hazardous condition of the route that she chose. There is no evidence that defendant actively contributed in any manner to plaintiff's accident and injury.

Judgment affirmed.

Moore, P. J., and McComb, J., concurred.