[Civ. No. 16386.   First Dist., Div. Two.   Oct. 31, 1955.]

ELAINE E. SEABERT, Respondent, v. SALVATORE AIELLO et al., Appellants.

Edward J. Rice for Appellants.

Edmund J. Holl for Respondent.

NOURSE, P. J.—Plaintiff sued for damages for injuries incurred when she fell upon a wet floor in the defendants' place of business. The cause was tried to the court without a jury and resulted in findings and a judgment for plaintiff. The appeal rests on the inquiry whether respondent was a licensee or an invitee at the time of her fall, and whether she was guilty of contributory negligence.

One who during business hours lawfully enters a store to purchase goods does so as an invitee of the proprietor. *Locke* v. *Red River Lbr. Co.*, 65 Cal.App.2d 322, 326 [150 P.2d 506]; *Louie* v. *Hagstrom's Food Stores, Inc.*, 81 Cal. App.2d 601, 606 [184 P.2d 708]. The evidence here clearly brings this case within this rule.

■ The pertinent argument of appellants is that respondent had knowledge of the condition of the floor before she started to walk upon the wet portion and hence was guilty of contributory negligence.

The plaintiff entered the tavern operated by defendants at about 11 a. m. She purchased a bottle of beer and sat at a table to consume it. When she left the table to go to the rest room she walked over a portion of the aisle which had recently been watered and scrubbed. Disregarding the warning of one of the proprietors to avoid the wet portion of the floor, she continued over that portion until she fell and suffered injuries to her knee. Typical of cases of this character the plaintiff was persuaded to testify that she did not know that the portion of the floor was wet before she walked on it, but after she fell she "saw the man watering the walls and floor with a hose." She was manifestly well coached in this part of her testimony as her counsel had her repeat it over and over until the trial judge must have concluded that there was some truth in it. The uncontradicted testimony that she sat at one of the tables with a clear view of the floor and the walls, but did not see the janitor hosing the floor, *or the walls* would have supported a finding that she was guilty of contributory negligence in knowingly walking upon the wet floor after one of the defendants warned her to take the dry side of the aisle.

There is an old doctrine that he who looks and does not see the obvious is just as negligent as one who does not look at all. But this is a doctrine which is seldom applied in modern decisions. The prevalent doctrine is more favorable to a recovery by the injured party without too meticulous care for the truth of his testimony.

However since there is this evidence that the respondent did not see or know of the wet condition of the floor the finding of the trial court finds some support, and that ends the case on appeal, *Crawford* v. *Southern Pac. Co.,* 3 Cal.2d 427, 429 [45 P.2d 183].

Judgment affirmed.

DOOLING, J.—I concur in the judgment, but not in that part of the opinion which reweighs the evidence and implies that the plaintiff was coached into giving false testimony and the trial judge deceived into believing it. The plaintiff testified that she entered the tavern which was not well lighted, bought a bottle of beer and consumed a part of it, went to

a table to speak to a friend and then started for the dressing room. She did not notice that the floor was wet until after she slipped on it and heard no warning not to walk on it. She was contradicted by defendants' evidence in several particulars, but not impeached or shaken on cross-examination. The trial judge believed the plaintiff. It is his function to weigh the testimony. It is not ours. I can find nothing in the record to justify any criticism of the plaintiff, her counsel or the trial judge.

Kaufman, J., concurred in the judgment.

A petition for a rehearing was denied November 30, 1955, and appellants' petition for a hearing by the Supreme Court was denied December 28, 1955.