JAMES GRADY SIBBETT v. M.C.M. LIVESTOCK, INC.

No. 7713SC845

(Filed August 29 1978)

**Animals § 2.3; Negligence § 57.10— livestock auction—escape of bull from display enclosure—injury to plaintiff—negligence**

In an action to recover for personal injuries received when a bull knocked plaintiff from an elevated walkway in defendant's livestock auction house, plaintiff's evidence was sufficient to be submitted to the jury on the issue of defendant's negligence in failing to maintain proper supervision and a reasonably safe enclosure for the protection of his customers where it tended to show that defendant went to the auction house to buy a steer and was thus an invitee; a bull in the display pen became excited, jumped over the pen

enclosure, ran up onto the walkway and struck plaintiff; the display pen was enclosed by a fence constructed of iron pipe at a height of four feet nine inches; and at least one other bull had previously escaped from the enclosure.

APPEAL by plaintiff from *Bailey, Judge*. Judgment entered 27 May 1977 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 14 August 1978.

Plaintiff instituted this civil action to recover damages for personal injuries sustained as a result of a fall from an elevated walkway in defendant's livestock auction house.

Defendant filed answer denying all claims of negligence and alleging as a defense the contributory negligence of plaintiff.

Plaintiff introduced evidence at trial tending to show that on 27 January 1975 he was attending a livestock sale at defendant's place of business for the purpose of purchasing a steer to be butchered and processed for his family. Defendant maintained a large livestock auction house in which bleacher seats were built, amphitheater style, around a display pen where the animals were exhibited. At the top of the bleachers was a door opening to the outside of the building onto a catwalk built over the holding pens. On the day in question, plaintiff was standing on the catwalk observing the animals being unloaded when a bull in the display pen became excited. It suddenly jumped over the enclosure of the pen, ran up the bleachers and onto the catwalk, and knocked plaintiff to the ground. Plaintiff received injuries to his left heel resulting in some permanent disability and requiring extensive treatment.

Plaintiff's evidence further showed that the display pen was constructed of one and one-fourth inch (1¼") iron pipe at a height of four feet (4') nine inches (9"). Two witnesses had observed a bull escape from defendant's display pen on a previous occasion.

At the close of the plaintiff's evidence defendant moved for a directed verdict. The motion was allowed and plaintiff appealed.

*D. F. McGougan, Jr. and Ray H. Walton, for the plaintiff.*

*Page & Britt, by W. Earl Britt, for the defendant.*

MARTIN, Judge.

The question presented for decision is whether plaintiff's evidence was sufficient for submission to the jury. On a motion for a directed verdict by the defendant, the court must consider the evidence in the light most favorable to the plaintiff, and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff. *Manganello v. Permastone, Inc.*, 291 N.C. 666, 231 S.E. 2d 678 (1977); *Ward v. Swimming Club*, 27 N.C. App. 218, 219 S.E. 2d 73 (1975); *Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872 (1971). Applying this test to the case at bar, it appears that the evidence presented was sufficient to go to the jury.

The evidence was sufficient to place the plaintiff at the time of his injury in the status of an invitee at the defendant's place of business. While the proprietor or owner of premises does not insure the safety of his invitees, nevertheless he is under the duty of exercising ordinary care to keep his premises in such reasonably safe condition as not to expose them unnecessarily to danger. He is under the obligation to give warning of any hidden danger or unsafe condition of which he has knowledge, express or implied. *Keith v. Reddick, Inc.*, 15 N.C. App. 94, 189 S.E. 2d 775 (1924).

Defendant relies on the general rule enunciated in *Sellers v. Morris*, 233 N.C. 560, 64 S.E. 2d 662 (1951). In *Sellers* the defendants were in the business of selling and auctioning livestock. Plaintiff was attending an auction conducted at their stables or barns. Plaintiff, a prospective purchaser, was crowded against the wall near where the mules were brought from the enclosure where they were kept until sold. The mule viciously and suddenly kicked plaintiff inflicting injuries for which he sought to recover compensation. Defendants demurred to the complaint for that it failed to state a cause of action in that it was not alleged (1) that the mule was the property of the defendants, or (2) that the mule was a vicious animal, or (3) that the defendants had any knowledge of the vicious propensities, if any, of the mule. The demurrer was overruled and defendants appealed.

The Supreme Court reversed, holding that to entitle plaintiff to recover for injuries, he must allege and prove (1) that the animal was dangerous, vicious, mischievous, or ferocious, or one

termed in law as possessing a vicious propensity; and (2) that the *owner* or *keeper* knew or should have known of the animal's vicious propensity, character, and habits. In support of its holding, the Court cited *Plumidies v. Smith,* 222 N.C. 326, 22 S.E. 2d 713 (1942). *Plumidies* was an action against the *owner* for injuries inflicted by his dog. The Supreme Court held that nonsuit was error where plaintiff's evidence showed that for a year or more the dog, when plaintiff came to deliver papers, would run towards and bark at plaintiff so viciously that the *owner* would have to call the dog off, that the dog bit plaintiff's brother and was given away by defendant because of its vicious character.

The foregoing rule is conceded, but it does not control the facts in this case. In the first place, this suit is not against the *owner* or *keeper* of the bull but against a public stockyard company. The basis of the claim is the negligent failure of the proprietor or owner of the auction house to keep his premises in a reasonably safe condition. It is not based on the wrongful keeping of the animal with knowledge of its viciousness.

· The owner of an animal is a person to whom it belongs. The keeper is one who, either with or without the owner's permission, undertakes to manage, control, or care for the animal as owners in general are accustomed to do. It is apparent that a keeper may or may not be its owner. The word "keep," as applied to animals, has a peculiar significance. It means "to tend; to feed; to pasture; to board; to maintain; to supply with necessaries of life." To keep implies "the exercise of a substantial number of the incidents of ownership by one who, though not the owner, assumes to act in his stead." *Swain v. Tillett,* 269 N.C. 46, 152 S.E. 2d 297 (1966).

In *Porter v. Thompson,* 74 Cal. App. 2d 474, 169 P. 2d 40 (1946), the plaintiff was a prospective purchaser of cattle at an auction sale being conducted by the defendant, and it was held the defendant had a duty to exercise reasonable care to maintain supervision, a reasonably safe enclosure, and seats for customers so they would not be injured by cattle attempting to escape the enclosure. In the opinion the Court said:

"*  *  * The question to be determined is, what would a reasonably prudent person be required to do, under such circumstances, for the protection of his invited customers. The fact that the defendants did not actually know that the

particular cow in question was fractious, nervous or dangerous does not necessarily acquit them of negligence on that score. * * *" 169 P. 2d at page 42.

In *Thompson v. Yellowstone Livestock Comm.*, 133 Mont. 403, 324 P. 2d 412 (1958), the plaintiff brought an action for injuries sustained when struck by an unruly cow which climbed a barricade and fell upon the plaintiff as an invitee. The Court held the complaint stated a cause of action where the allegations established a legal duty by the defendant to the plaintiff, failure to perform such duty, and damages proximately resulting in injury to the plaintiff from such failure. The Court said it was the duty of the defendant to maintain such barrier of sufficient strength and height as to prevent animals, which had occasion to become frightened, from jumping over the fence and upon the patrons.

The Restatement of Law, Torts, § 518, Comment g, states the following rule:

"One who keeps a domestic animal which possesses only those dangerous propensities which are normal to its class is required to know its normal habits and tendencies. He is, therefore, required to realize that even ordinarily gentle animals are likely to be dangerous under particular circumstances and to exercise reasonable care to prevent foreseeable harm * * *" (p. 39.)

The defendant, over a period of years, had operated an auction house for livestock, handling and selling cattle in the ordinary course of its business. It must be assumed that these animals had displayed a wide range of temperaments, tendencies and natures, and that the defendant knew and had notice that under the particular circumstances of a stockyard, some of the animals could and would become uncontrollable. Defendant chose to display the animals for sale in a pen enclosed by a fence constructed of one and one-fourth (1¼ ") inch iron pipe at a height of four feet (4') nine inches (9"). At least one other bull had escaped from this enclosure. Plaintiff was an invitee and a prospective purchaser of a steer on the defendant's premises, observing cattle being offered for sale from the place provided by the defendant for him to do so. It was the duty of the defendant to exercise reasonable care to maintain supervision and a reasonably

safe enclosure for the protection of his customers. Taken in its entirety, the evidence appears sufficient to warrant an inference of the essential elements of liability. A jury question has been presented as to whether plaintiff's injury was proximately caused by defendant's breach of the duty owed plaintiff.

Reversed.

Judges VAUGHN and MITCHELL concur.