KAREN CLODFELTER BRANKS v. DR. PAUL KERN AND ANIMAL
EMERGENCY CLINIC, P. A.

No. 8628SC167

(Filed 7 October 1986)

1. Negligence § 1.2; Physicians, Surgeons and Allied Professions § 11— cat bite
during treatment by veterinarian—standard of care

In an action to recover for injuries received by plaintiff when her cat bit
her while it was being treated by defendant veterinarian, the standard of care
owed by defendants to plaintiff was not the veterinary malpractice standard
but was the ordinary negligence standard of the duty to exercise due care for
plaintiff's safety while she was on defendants' premises.

2. Negligence §§ 29.2, 34.1— cat bite during treatment by veterinarian—negli-
gence and contributory negligence—issues of material fact

In an action to recover for injuries received by plaintiff invitee when her
cat bit her while the cat was undergoing a catheterization by defendant
veterinarian, plaintiff's forecast of evidence was sufficient to present a genuine
issue of material fact as to whether defendant veterinarian was negligent in
failing to restrain plaintiff's cat during the catheterization and in failing ade-
quately to warn plaintiff of the risks of remaining in close proximity to the cat
during the procedure. Furthermore, the evidence did not show that plaintiff
was contributorily negligent as a matter of law in continuing to pet her cat
when she knew the cat was in great pain and had seen the cat snap at the
veterinarian's assistant.

APPEAL by plaintiff from *Lamm, Judge.* Summary judgment
entered 9 December 1985 in BUNCOMBE County Superior Court.
Heard in the Court of Appeals 25 August 1986.

Plaintiff filed this action on 15 April 1985, alleging negligence
on the part of defendant Kern and defendant Clinic and seeking
actual medical damages and lost wages. Defendants denied these
allegations and further pleaded as a defense plaintiff's con-
tributory negligence. Defendants moved for summary judgment.

The forecast of evidence before the trial court tended to
show the following events and circumstances. On 21 April 1984,
the plaintiff, a postal worker and former nursing student, brought

her cat into the defendant Animal Emergency Clinic. The cat was suffering from blockage of the urethra, a common problem in neutered male cats. The usual treatment in such a case is catheterization, a process which the plaintiff's cat had undergone twice before.

Defendant Kern, an employee of defendant Clinic, was the veterinarian on duty at the time. He asked Ms. Branks to bring the cat into the treatment room. He began the procedure with the plaintiff in the room, his veterinary assistant holding the cat. For medical and financial reasons, no anesthesia was used. The cat seemed in great pain. A few minutes into the procedure he wriggled loose and snapped at the assistant who was holding him. Plaintiff, who was standing at the cat's head and stroking his chest and paws in an attempt to soothe him, was aware that the cat had attempted to bite the assistant. The assistant adjusted his grip on the cat and the veterinarian resumed his work. A few minutes later, the cat again managed to free his head, this time biting the plaintiff who was holding the cat's front paws. Plaintiff's injury did not seem particularly severe at the time; the receptionist bandaged the plaintiff's hand and Dr. Kern successfully opened the cat's blocked urethra. Plaintiff later went to an emergency room and discovered that she had severed a tendon in her hand. Plaintiff incurred medical expenses for treatment to her hand and lost wages as a result of her injury. The trial court granted defendant's motion for summary judgment. Plaintiff appealed.

*C. David Gantt for plaintiff-appellant.*

*Harrell and Leake, by Larry Leake, for defendant-appellee Animal Emergency Clinic.*

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Russell P. Brannon and Michelle Rippon, for defendant-appellee Dr. Paul Kern.*

WELLS, Judge.

The trial court may grant summary judgment "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that any party is entitled to judg-

ment as a matter of law." N.C. Gen. Stat. § 1A-1, Rule 56(c), North Carolina Rules of Civil Procedure. As our Supreme Court explained in *Lowe v. Bradford*:

> A party moving for summary judgment may prevail if it meets the burden (1) of proving an essential element of the opposing party's claim is nonexistent, or (2) of showing through discovery that the opposing party cannot produce evidence to support an essential element of his or her claim. (Citations omitted.) Generally this means that on "undisputed aspects of the opposing evidential forecast," where there is no genuine issue of fact, the moving party is entitled to judgment as a matter of law. 2 McIntosh, North Carolina Practice and Procedure § 1160.5, at 73 (2d ed. Supp. 1970).

305 N.C. 366, 289 S.E. 2d 363 (1982). The primary issue in the case at bar is whether the plaintiff was injured by the defendant's negligence, a claim for relief which our courts have traditionally been reluctant to keep from the jury. *See Gladstein v. South Square Assoc.*, 39 N.C. App. 171, 249 S.E. 2d 827 (1978), *cert. denied*, 296 N.C. 736, 254 S.E. 2d 178 (1979). Negligence consists of a number of elements, and in order to survive a motion for summary judgment, plaintiff's forecast of the evidence must support the conclusion that the defendant had a duty of care to the plaintiff; that defendant breached his duty; that his lack of due care was the proximate cause of some injury to plaintiff, an important aspect of proximate cause being that the injury was reasonably foreseeable. *See Pittman v. Frost*, 261 N.C. 349, 134 S.E. 2d 687 (1964). *See also Meyer v. McCarley and Co.*, 288 N.C. 62, 215 S.E. 2d 583 (1975). The first question, then, is to what standard of care the defendant veterinarian will be held.

[1] Defendants assert that the proper duty of care in this case is that exercised by skilled veterinarians, similarly situated, engaged in the same type of work—a breach of which is medical malpractice as opposed to ordinary negligence. We disagree. Plaintiff does not allege that her cat was harmed by the defendant's actions. Rather, she asserts that the veterinarian's negligent restraint of her pet and his failure to warn her of any danger allowed the cat to bite her. This is clearly not a case of veterinary medical malpractice, but one of ordinary negligence. Plaintiff was a business invitee of defendant Clinic, *see Goldman v. Kossove*,

253 N.C. 370, 117 S.E. 2d 35 (1960), and as such defendant owed her a duty to exercise due care for her safety while she was on its premises. *See Sibbett v. Livestock, Inc.,* 37 N.C. App. 704, 247 S.E. 2d 2, *cert. denied,* 295 N.C. 735, 248 S.E. 2d 864 (1978). We hold that under the forecast of evidence in this case, Dr. Kern owed plaintiff a duty to exercise reasonable care in preventing the cat from harming the plaintiff. We now consider whether plaintiff's forecast is sufficient to establish a genuine issue of fact as to whether Dr. Kern breached that duty.

[2]   Plaintiff asserts that Dr. Kern was negligent in two respects: (1) in his failure to properly restrain the animal and (2) in permitting the plaintiff to remain in the room with no instructions. On the question of duty to warn, plaintiff in her deposition testified that the defendant asked her to bring the cat in and allowed her to remain in the room; he never gave her any direction as to where she should or should not stand. Nor, she contends, did he at any time warn her that the cat might bite her. However, in his own deposition Dr. Kern stated that, after the cat had snapped at the assistant, he told the plaintiff, "Don't let him bite you." This evidence raises a genuine issue of material fact as to the breach of Dr. Kern's duty upon which a jury must pass.

On the restaint issue, however, the parties are in essential agreement as to the facts: (1) that there are a number of ways in which a cat can be restrained; (2) that the defendant Dr. Kern chose to have his assistant grasp the cat and hold him by the scruff of the neck; and (3) that at one point, Dr. Kern tried to put a muzzle on the animal but abandoned the idea when the muzzle fell off. These facts are not in dispute; yet, as Chief Judge Morris wrote in *Gladstein v. South Square Assoc.*:

> . . . it has often been said by the courts of this and many other jurisdictions that only in exceptional cases involving the question of negligence or reasonable care will summary judgment be an appropriate procedure to resolve the controversy. (Citations omitted.) The propriety of summary judgment does not always revolve around the elusive distinction between questions of fact and law. Although there may be no question of fact, when the facts are such that reasonable men could differ on the issue of negligence courts have generally considered summary judgment improper. (Citations omitted.) Judge Parker for this Court explained:

> This is so because even in a case in which there may be no substantial dispute as to what occurred, it usually remains for the jury, under appropriate instructions from the court, to apply the standard of the reasonably prudent man to the facts of the case in order to determine where the negligence, if any, lay and what was the proximate cause of the aggrieved party's injuries. *Robinson v. McMahan*, 11 N.C. App. at 280, 181 S.E. 2d at 150; *see also Edwards v. Means, supra.*

The jury has generally been recognized as being uniquely competent to apply the reasonable man standard. *See generally* Prosser, Torts § 37 at 207 (4th Ed. 1971). Because of the peculiarly elusive nature of the term 'negligence,' the jury generally should pass on the reasonableness of conduct in light of all the circumstances of the case. This is so even though in this State '[w]hat is negligence is a question of law, and when the facts are admitted or established, the court must say whether it does nor does not exist.' *McNair v. Boyette*, 282 N.C. 230, 236, 192 S.E. 2d 457, 461 (1972).

*Gladstein, supra.* In the case at bar, the forecast of evidence before the trial court was sufficient to allow a trier of fact to reasonably find that plaintiff was a business invitee of defendants; that defendant Kern owed plaintiff a duty to exercise reasonable care to restrain plaintiff's cat during the operation and to adequately warn plaintiff of the risk of remaining in close proximity to the cat during the operation; that defendant Kern breached that duty in both respects; that plaintiff was injured and damaged; and that Kern's breach was the proximate cause of plaintiff's injury and damages.

The final question is whether summary judgment is proper on the issue of contributory negligence. Defendant contends that the plaintiff caused her own injury by continuing to pet her cat even though she knew he was in great pain and in fact had seen the cat attempt to bite the assistant. We disagree. Issues of contributory negligence, like those of ordinary negligence, are rarely appropriate for summary judgment. *Meadows v. Lawrence*, 75 N.C. App. 86, 330 S.E. 2d 47 (1985). Only where plaintiff's own evidence discloses contributory negligence so clearly that no other reasonable conclusion may be reached is summary judgment to be granted. *Izard v. Hickory City Schools Bd. of Education*, 68

N.C. App. 625, 315 S.E. 2d 756 (1984). In the case at bar, reasonable men could differ as to whether, in light of all the circumstances, plaintiff's failure to keep out of harm's way constituted contributory negligence.

The judgment of the trial court must be and is

Reversed.

Chief Judge HEDRICK and Judge WEBB concur.