366 S.E.2d 901 (1988)
Shirley O. COLLINGWOOD, Plaintiff-Appellant,
v.
GENERAL ELECTRIC REAL ESTATE EQUITIES, INC., Walsh Properties, Inc. and Sharon Kay Nelms, Defendants-Appellees.
No. 8726SC915.
Court of Appeals of North Carolina.
April 19, 1988.
*902 Shelley Blum, Charlotte, for plaintiff-appellant.
Smith Helms Mulliss & Moore by Peter J. Covington, Scott P. Vaughn, and Richard W. Ellis, Charlotte, for defendant-appellee General Elec. Real Estate Equities, Inc.
Golding, Crews, Meekins & Gordon by James P. Crews, Charlotte, for defendant-appellee Walsh Properties, Inc.
Hedrick, Eatman, Gardner & Kincheloe by Mel Garofalo and Brian D. Lake, Charlotte, for defendant-appellee Sharon Kay Nelms.
WELLS, Judge.
The question is whether the trial court's order of summary judgment in favor of all the defendants was proper. For reasons stated below, we affirm the order as to landlord defendants General Electric Real Estate Equities, Inc. (G.E.) and Walsh Properties, Inc. (Walsh) but reverse as to individual defendant Sharon Kay Nelms (Ms. Nelms).
Both plaintiff and Ms. Nelms formerly resided at Cedar Creek Apartments, located in Mecklenburg County, owned by G.E. and managed by Walsh. The depositions of plaintiff and Ms. Nelms tend to establish the following facts. On the early morning of 19 February 1984 Ms. Nelms was awakened by the alarm of a smoke detector in her apartment. She awoke to find a fire at the base of her bed which apparently had originated in her electric blanket. Ms. Nelms threw a comforter over the flames in an attempt to smother them, then ran out of her apartment across a hallway to a neighboring apartment for help. A neighbor tried to put out the fire with his fire extinguisher while his wife called the fire department. Subsequently, Ms. Nelms and the neighbor's wife ran through the apartment building banging on doors, shrieking "Fire!" and blowing whistles in an effort to arouse the other residents.
The plaintiff lived on the third floor above defendant. She was awakened by the noise of the whistles and by the shouts of people. She ran to her apartment door, opened it, and saw sheets of flames. She closed the door, proceeded to her bedroom window, opened it, and jumped out injuring herself.
The plaintiff alleges in her complaint that landlord defendants G.E. and Walsh were negligent, jointly and severally, in the following four respects: (1) in constructing an apartment complex with materials conducive to the rapid spread of fire; (2) in constructing the apartment building with a lengthy escape path made entirely of untreated wood and without a sprinkler system; (3) in constructing the building so that apartments had only one door and escape path; and (4) in failing to *903 install an alarm system to warn plaintiff before the escape path was in flames. Plaintiff contends that by virtue of these negligent acts G.E. and Walsh breached a duty owed to plaintiff under the common law and under N.C.Gen.Stat. § 42-42 to maintain premises fit and safe for occupancy and to keep all common areas of the premises in safe condition. We disagree.
G.S. § 42-42 provides in pertinent part as follows:
(a) The landlord shall:
(1) Comply with the current applicable building and housing codes, whether enacted before or after October 1, 1977, to the extent required by the operation of such codes; ...
(2) Make all repairs and do whatever is necessary to put and keep the premises in a fit and habitable condition;
(3) Keep all common areas of the premises in safe condition;....
Only subdivision (a)(1) is relevant to plaintiff's allegations. However, plaintiff concedes, and all the evidence submitted by the parties establishes, that Cedar Creek Apartments was in compliance with the North Carolina State Building Code and all other applicable building codes and regulations. G.E. was under no duty to install safety equipment not required by the applicable building codes. Walsh cannot be held liable under subsection (a)(1) because Walsh was merely managing Cedar Creek Apartments and is not responsible for possible defects of design or construction. Compliance with G.S. § 42-42(a)(1) insulates landlords from liability for building design or construction.
Plaintiff contends, however, that G.S. § 42-42(a)(2) and (a)(3) impose liability for unsafe conditions not contemplated by the State Building Code and that a jury of twelve should decide whether the landlords' failure to provide safety features such as a sprinkler system, a second escape path, or a loud alarm system was negligence. This argument cannot prevail. Subsections (a)(2) and (a)(3) contemplate a repair or maintenance function and have no relevance to the construction and design of rented dwellings, which is the basis of plaintiff's negligence claim. North Carolina cases construing subsection (a)(3) have applied it in the context of safety maintenance of common areas. See, e.g., Lenz v. Ridgewood Associates, 55 N.C. App. 115, 284 S.E.2d 702, disc. rev. denied, 305 N.C. 300, 290 S.E.2d 702 (1982) (landlord's failure to remove ice from walkway in common area of apartment complex). Plaintiff does not allege that either G.E. or Walsh failed to maintain Cedar Creek Apartments in fit and habitable condition or to keep its common areas safe. Thus, plaintiff has not shown the breach of any duty owed her under subsections (a)(2) or (a)(3) or the common law. Where there is no breach of a legal duty, there can be no actionable negligence, and summary judgment is proper. Summary judgment is appropriate where it is established that an essential element of the opposing party's claim is nonexistent. Rorrer v. Cooke, 313 N.C. 338, 329 S.E.2d 355 (1985).
Plaintiff's action against individual defendant Ms. Nelms stands on a different footing. Plaintiff complains that Ms. Nelms was negligent, inter alia, (1) in failing to put out the fire when it was small, (2) in failing to shut her apartment door so as to confine the fire to her apartment rather than allowing it to spread to the rest of the building, and (3) in failing to awaken her neighbors or warn them of the fire. Ms. Nelms contends that plaintiff has produced no evidence to support these allegations. We disagree. Ms. Nelms concedes in her deposition that when she awoke the flames were located exclusively in the lower portion towards the foot of the bed. She further concedes that in her only independent attempt to put out the flames she "just kind of plopped" a comforter, presumably flammable, over only a portion of the fire. She further concedes that when she ran to the neighbor for help, she left the door to her own apartment open. Thereafter, she reentered her apartment solely for the purpose of retrieving a lock box from her bedroom. Ms. Nelms states that she knocked on all four doors on the third level of the apartment building. However, the plaintiff asserts, in her deposition, *904 that she never heard anyone bang on her door. In the light of this evidence we cannot hold, as a matter of law, that no rational juror could find Ms. Nelms' conduct negligent. Therefore, the trial court's summary judgment for Ms. Nelms must be reversed.
Defendant Ms. Nelms contends that plaintiff was contributorily negligent for, inter alia, (1) jumping from the window of her apartment when there was no immediate threat to her safety and (2) jumping from her apartment window when the fire department was on the scene and prepared to erect a ladder. However, plaintiff states that when she went to her front door and opened it, she was confronted with sheets of flames. Plaintiff's apartment had only one door, and there was no other exit except the windows. Moreover, another female resident of Cedar Creek Apartments also jumped from her apartment. In view of this evidence, it is manifest that the question of plaintiff's contributory negligence is for the jury to decide. Summary judgment should not be granted unless the evidence establishes contributory negligence so clearly and convincingly that no other reasonable conclusion may be reached. Branks v. Kern, 83 N.C.App. 32, 348 S.E.2d 815 (1986), rev'd on other grounds, 320 N.C. 621, 359 S.E.2d 780 (1987). Such is not the case herein.
Summary judgment for defendants G.E. and Walsh is
Affirmed.
Summary judgment for defendant Ms. Nelms is
Reversed.
EAGLES, J., concurs.
GREENE, J., concurs as to defendant Ms. Nelms and concurs in the result as to defendants G.E. and Walsh.
GREENE, Judge, concurring in the result.
While I agree with the majority's disposition of this case, I disagree with any holding that compliance with the Building Code by defendants General Electric and Walsh absolutely insulates them from liability for building design or construction. While there is no evidence these defendants violated Section 42-42(a)(1) and the Building Code, it does not necessarily follow that compliance with the Code conclusively demonstrates the exercise of due care. See W. Keeton, D. Dobbs, R. Keeton & D. Owen, Prosser and Keeton on The Law of Torts Sec. 36 at 233 (5th ed. 1984); Restatement (Second) of Torts Sec. 288C (1965) ("Compliance with a legislative enactment or an administrative regulation does not prevent a finding of negligence where a reasonable man would take additional precautions"). Section 101.2 (1978) of the North Carolina Building Code specifically states that its purpose is to "provide certain minimum standards, provisions and requirements for safe and stable design.... (Emphasis supplied.) See also Thomas v. Dixson, 88 N.C.App. 337, 343, 363 S.E.2d 209, 213 (1988) (whether or not a building meets building code standards is not determinative of negligence); cf. Pasour v. Pierce, 76 N.C.App. 364, 367, 333 S.E.2d 314, 317 (1985) (issuance of building permit is not necessarily evidence of the safety of a building), disc. rev. denied, 315 N.C. 589, 341 S.E.2d 28 (1986).
The defendants submitted evidence in support of their motion for summary judgment that the building was constructed in accordance with industry standards. Therefore, the plaintiff had the burden to come forward with a forecast of evidence showing defendants G.E. or Walsh did not exercise due care in the construction of the building. Campbell v. Board of Education, 76 N.C.App. 495, 499, 333 S.E.2d 507, 510 (1985) (when movant adequately supports motion for summary judgment, nonmovant must come forward with facts controverting facts put forward by movant), disc. rev. denied, 315 N.C. 390, 338 S.E.2d 878 (1986). Plaintiff failed to show any applicable standard of care with which G.E. or Walsh had to comply. The submitted affidavits do not purport to establish a standard of care, merely stating that in the affiants' opinions, the Building Code was not enough protection since it provided *905 only "minimal fire safety regulations." There were no affidavits alleging defendants did not comply with industry standards or exercised anything other than reasonable care under the circumstances in regard to the premises. See 65 C.J.S. Negligence Sec. 81(1) at 977 (1966) (due care ordinarily exercised when construction is substantially the same as that in common and general use in similar buildings). In the absence of a showing by plaintiff of a breach by G.E. or Walsh of the applicable standard of care, summary judgment was properly entered for defendants G.E. and Walsh. See Rorrer v. Cooke, 313 N.C. 338, 357, 329 S.E.2d 355, 367 (1985) (fact that one attorney-witness testifies he would have acted differently from defendant in attorney malpractice case is not sufficient forecast of evidence showing breach of duty of care). I therefore concur in the result as to defendants G.E. and Walsh and concur in the majority opinion as to defendant Nelms.