WENDELL J. WALKER, MINOR, BY HIS NEXT FRIEND, JUANITA CAUDLE WALKER v. JAMES EDWARD BYRD
AND
SHELIA ANN WALKER, MINOR, BY HER NEXT FRIEND, JUANITA CAUDLE WALKER v. JAMES EDWARD BYRD.

(Filed 31 October 1962.)

**Automobiles § 41m— Evidence of negligence in striking children running into street held sufficient to overrule nonsuit.**

Evidence tending to show that defendant saw children standing at the side of the street apparently waiting for a vehicle to pass before crossing the street, that plaintiff assumed that the children would also wait for his car, traveling in the opposite direction, to pass, that plaintiff did not slacken speed or blow his horn, and that the children ran into the street from behind the other car into the path of defendant's car, one of them running into the side of defendant's car and the other being struck by defendant's left headlight, *is held* sufficient to be submitted to the jury on the issue of negligence, since defendant was not entitled to assume that the children would also wait the passing of his car but should have foreseen that they might run into the street in obedience to childish impulse.

APPEAL by defendant from *Gwyn, J.,* May 28, 1962 Civil Term of FORSYTH.

These two civil actions, brought in behalf of minor plaintiffs, were consolidated for trial. Defendant's motions for nonsuit, timely made, were overruled. Both plaintiffs recovered damages. Defendant's only assignment of error is to the failure of the court to nonsuit the actions.

The evidence taken in the light most favorable to the plaintiffs, is sufficient to establish the following facts:

The Piedmont Park section of Winston-Salem is a residential area on the north side of Twenty-eighth Street. It contains apartment houses where many children live. There is a play ground on the south side of Twenty-eighth Street. About 12:55 P.M. on August 27, 1960, the plaintiff, Wendell J. Walker, aged nine; his sister, the plaintiff Shelia Ann Walker, aged three; their older brother, Gary, aged twelve; and two other children, aged eight and two respectively, were on the north side of Twenty-eighth Street, a paved road twenty-four feet wide. The children were enroute to a store on Woodland Avenue which intersects Twenty-eighth Street from the south but does not cross it. The defendant, driving his automobile east on Twenty-eighth Street, approached the intersection at a speed of thirty miles per hour. At the same time, another car was approaching from the east.

Gary crossed to the south side of the street leaving the smaller children still on the north side. At that time they were fifteen or twenty feet north of the pavement and from seventy-five to one hundred feet east of Woodland Avenue if it had been extended. They prepared to follow Gary across the street. Nine-year-old Wendell had three-year-old Shelia by the hand. He testified that he first looked to the west and saw no car coming; that he then looked to the east and saw the car traveling west. As soon as that car passed, they "trotted" out into the street. Gary, who had observed the defendant when he was west of Woodland Avenue, "hollered for them to go back", but they did not hear him.

The left headlight of defendant's car hit Wendell, and Shelia ran into the side of the car. The impact occurred about seventy-five feet from the east line of Woodland Avenue and four feet north of the south line of Twenty-eighth Street. Splotches of blood marked this spot. Shelia was knocked up in the air and came down about where she struck the car. She suffered serious injuries; Wendell was not permanently injured.

Defendant told a motorist, who stopped at the scene to render assistance, that he saw the children wait on the other car and thought they would wait on him. He did not blow his horn or slow down. There were forty-five feet of skid marks west of the blood spots on the street.

From these spots the view to and from the west was unobstructed for one hundred to two hundred yards.

On the trial, defendant testified that he met a car going west; that as the car passed him, the children ran from behind it into the path of his vehicle; and that he had not seen them before.

*Leake & Phillips, and W. Z. Wood for plaintiff appellee.*
*Deal, Hutchins and Minor for defendant appellant.*

PER CURIAM. The duty which a motorist in this jurisdiction owes to children whom he sees, or in the exercise of proper care should see, on or near the highway, has been too often stated to need further elaboration here. For the purpose of this appeal we must, of course, accept the plaintiff's evidence as true. *High v. R.R.*, 248 N.C. 414, 103 S.E. 2d 498. Therefore, when the defendant saw the children apparently intending to cross the street but waiting on the car going west to pass, he could not assume that they would also wait on him. It becomes his duty "to use proper care with respect to speed and control of his vehicle, the maintenance of vigilant lookout and the giving of timely warning, to avoid injury, recognizing the likelihood of the child's running across the street in obedience to childish impulses and without circumspection." *Sparks v. Willis*, 228 N.C. 25, 44 S.E. 2d 343. He failed to perform these duties.

The ruling of the court below is
Affirmed.