ALEX LEE WAINWRIGHT, ADMINISTRATOR OF THE ESTATE OF ALEX LEE WAINWRIGHT, JR., DECEASED v. HOYAL MILLER.

(Filed 1 May 1963.)

**1. Automobiles § 34—**

When a motorist sees, or in the exercise of reasonable care should see, a child ahead of him on or near the highway, the motorist is under duty to maintain a vigilant lookout, to give timely warning of his approach, and to drive at such speed and in such manner that he can control his vehicle if the child, in obedience to childish impulses, attempts to cross the street in front of his vehicle.

**2. Automobiles § 41m—**

Evidence permitting the inference that a motorist failed to see a child ahead of him walking on the sidewalk near the curb when, in the maintenance of a proper lookout, he should have seen the child, or that the motorist saw the child but ignored the possibility that the child might run into the street in front of his car, and did not blow his horn or use proper care with respect to speed and control of the vehicle, and that omission of duty in one or the other of these respects was the proximate cause of fatal accident to the child, is sufficient to overrule nonsuit.

APPEAL by defendant from *Paul, J.,* October 1962 Civil Term of LENOIR.

Action for the wrongful death of plaintiff's intestate allegedly caused by the actionable negligence of the defendant. Defendant's motions for judgment as of nonsuit were overruled at the close of plaintiff's evidence and at the conclusion of all of the evidence. Issues of negligence, contributory negligence, and damages were answered in favor of the plaintiff. From a judgment on the verdict, defendant appealed. The only assignments of error are that the court erred in denying the motions of nonsuit.

*White & Aycock for plaintiff appellee.*
*Jones, Reed & Griffin for defendant appellant.*

SHARP, J.   The evidence in this case, viewed in the light most favorable to the plaintiff tends to show the following facts:

Bright Street in the City of Kinston is thirty-five feet wide, paved, and runs east and west. It is crossed at right angles by McDaniel Street which runs north and south. There was a path, but no paved sidewalk, on the north side of Bright Street. On the afternoon of November 27, 1959 the Christmas parade was held in down-town Kinston, and at about 3:00 p.m. children from all over town were returning to their homes from the parade. Plaintiff's intestate, Alex Wainwright, Jr., an eight-year old boy in the second grade at school, had crossed McDaniel Street and was walking in the path on the north side of Bright Street at an ordinary gait about thirty-five feet ahead of two ladies and three or four other small children. Homes and apartments were located on both sides of Bright Street near the intersection, and many children lived in this area.

The defendant, driving a 1955 Oldsmobile westwardly on Bright Street, traversed the intersection and collided with Alex, Jr., about four feet out in the street just as he stepped off the curb at a point about seventy-nine feet west of the intersection. The boy fell back on the concrete and left blood in the street about one foot from the curb. He died within an hour as a result of the injuries sustained. Witnesses estimated that defendant's car went from seventy-eight to one hundred and fifteen feet beyond the point of impact before he stopped and backed up. He told the investigating officer that he did not see the boy until the child struck the car; that it all happened so suddenly he did not have time to apply his brakes.

As he approached or crossed the intersection, the motorist driving behind the defendant observed the little boy walking down the path seventy to seventy-five feet west of the intersection. There was nothing to block defendant's view of the north side of Bright Street. He was driving about four feet from the north curb at a speed of from twenty to twenty-five miles per hour. A garbage truck was parked on the south side of the street some distance west of the intersection.

On cross-examination defendant testified that the child was "just about to the curb" when he first saw him. He also said that after he had passed the intersection he saw the child running ahead of some grown people and some smaller children and that he had seen the group of children in the beginning. He testified that he didn't blow his horn because "there wasn't any need to at that time because he wasn't

in the street; the street was clear." He explained: "I was coming along and just about the time I thought probably he would stay on his side he turned and came this way like he wanted to run out on the side of the car. . .He got out in such time, in other words, that I wasn't able to stop. He came out with a force. He darted out there — He was hit between the front fender and the middle of the front door. . . I didn't give him any warning; I didn't blow my horn; I didn't slow down after I saw him; I wasn't running too fast; I was running slow to start with. I continued running at about the same speed."

The duty the law imposes upon a motorist who sees, or by the exercise of reasonable care should see, children on or near the highway has been frequently declared by this Court. He must recognize that children have less discretion than adults and may run out into the street in front of his approaching automobile unmindful of the danger. Therefore, proper care requires a motorist to maintain a vigilant lookout, to give a timely warning of his approach, and to drive at such speed and in such a manner that he can control his vehicle if a child, in obedience to a childish impulse, attempts to cross the street in front of his approaching automobile. *Sparks v. Willis,* 228 N.C. 25, 44 S.E. 2d 343; *Hughes v. Thayer,* 229 N.C. 773, 51 S.E. 2d 488; *Walker v. Byrd,* 258 N.C. 62, 127 S.E. 2d 781.

Under the evidence in this case the jury might reasonably have found: (1) the defendant failed to see Alex, Jr. and to blow his horn when, in the exercise of a proper lookout and proper care he would have done both, or (2) he did see the child but, ignoring the possibility that he might run into the street, he did not blow his horn or use proper care with respect to speed or control of his vehicle, and (3) that this omission of duty proximately caused the death of Alex Wainwright, Jr.

The evidence was sufficient to withstand the motions of nonsuit. The judgment of the court below is

Affirmed.