MABEL R. SNELLINGS, ADMINISTRATRIX OF THE ESTATE OF CHARLIE JACK SNELLINGS, DECEASED v. MARY LANIER ROBERTS AND WILLIAM HUBERT ROBERTS, JR.

No. 7110SC598

(Filed 20 October 1971)

1. **Rules of Civil Procedure § 50— directed verdict — judgment notwithstanding verdict**

   On motion by a defendant for a directed verdict or for judgment notwithstanding the verdict, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, as a matter of law, the evidence is insufficient to justify a verdict for the plaintiff.

2. **Automobiles § 58— motorcyclist struck from rear — negligence of automobile driver**

   In this action for the wrongful death of a motorcyclist who was struck from the rear by defendant's automobile while attempting to make a left turn, plaintiff's evidence was sufficient to support a jury finding that the motorcyclist's death was proximately caused by the negligence of defendant in failing to drive on the right side of the highway and in failing to keep a proper lookout.

3. **Automobiles § 73— contributory negligence as matter of law — intoxication**

   In an action for wrongful death of a motorcyclist, plaintiff's evidence did not support defendant's contention that the intestate was intoxicated at the time of the collision and failed to disclose that the intestate was contributorily negligent as a matter of law, the issue of contributory negligence being for the jury.

4. **Automobiles § 140— motorcyclist — failure to wear helmet — negligence**

   Fact that a motorcyclist was not wearing a helmet as required by G.S. 20-140.2(b) at the time of the collision did not constitute contributory negligence *per se*.

APPEAL by plaintiff from *Clark, Judge,* April 1971 Regular Civil Session, WAKE Superior Court.

Prior to trial plaintiff filed a motion of dimissal of her claim against the male defendant pursuant to Rule 41(a), therefore the femme defendant is hereinafter referred to as the defendant.

Plaintiff as administratrix of the estate of Charlie Jack Snellings (intestate) instituted this action seeking to recover for the alleged wrongful death of her intestate. Pertinent allegations of the amended complaint are summarized as follows: De-

fendant was the owner and operater of the 1967 Ford that on 24 December 1969 negligently struck from the rear the Harley Davidson motorcycle being operated by intestate on Rural Paved Road 1829 in Wake County, causing intestate's instant death. At the time of the collision defendant operated said Ford in the following negligent respects: carelessly and heedlessly; at excessive speed; on the wrong side of the highway; attempted to pass without giving audible warning of her intention; turned to the left without ascertaining that such movement could be made in safety; and failed to keep a proper lookout and keep her vehicle under proper control.

In her answer, defendant denied negligence on her part and alleged contributory negligence in that intestate failed to exercise due care and caution for his own safety, was driving under the influence of intoxicants, failed to yield the right-of-way to defendant, drove from a place of safety across the highway directly into the path of defendant's vehicle, and operated his motorcycle in the nighttime without lights. Defendant counterclaimed for damages to her Ford in the amount of $511.97.

At trial at the conclusion of plaintiff's evidence, defendant moved for a directed verdict upon the grounds that the evidence failed to disclose any negligence on defendant's part that was the proximate cause of the collision and that there was contributory negligence as a matter of law on the part of intestate. The motion was denied and was renewed at the close of all of the evidence when it was again denied.

Issues were submitted to and answered by the jury as follows:

1) Did Charlie Jack Snellings receive injuries which resulted in his death by the negligence of the defendant Mary Lanier Roberts as alleged in the complaint? *Answer:* Yes.

2) If so, did the said Charlie Jack Snellings by his own negligence contribute to his death as alleged in the answer? *Answer:* No.

3) What damages, if any, is the plaintiff Mabel R. Snellings, Administratrix of the estate of Charlie Jack Snellings, entitled to recover? *Answer:* $5,000.

4) Was the defendant's automobile damaged by the negligence of Charlie Jack Snellings, as alleged in the counterclaim? *Answer:* —

5) What amount, if any, is the defendant entitled to recover of said estate for damages to her automobile? *Answer:* —

Upon the coming in of the verdict, defendant moved to set the verdict aside and to have judgment notwithstanding the verdict entered in accordance with her motion for a directed verdict; the Court granted the motion for judgment NOV on the grounds that the evidence failed to disclose actionable negligence on the part of defendant and that the evidence disclosed negligence on the part of intestate that was a proximate cause of the collision. From this judgment, plaintiff appealed.

*Yarborough, Blanchard, Tucker and Denson by James E. Cline for plaintiff appellant.*

*Smith, Anderson, Dorsett, Blount and Ragsdale by Willis Smith, Jr., for defendant appellee.*

BRITT, Judge.

Did the court err in entering judgment notwithstanding the verdict pursuant to G.S. 1A-1, Rule 50? We hold that it did.

[1] In determining the sufficiency of the evidence upon a motion for judgment notwithstanding the verdict, we are guided by the same principles that prevailed under our former procedure with respect to the sufficiency of evidence to withstand a motion for nonsuit under now repealed G.S. 1-183. *Musgrave v. Savings & Loan Assoc.,* 8 N.C. App. 385, 174 S.E. 2d 820 (1970). The same test is to be applied on a motion under Rule 50(b)(1) for judgment notwithstanding the verdict as is applied on a motion under Rule 50(a) for a directed verdict. *Maness v. Construction Co.,* 10 N.C. App. 592, 179 S.E. 2d 816 (1971). The question of law presented by defendant's motion for a directed verdict under Rule 50(a) is whether plaintiff's evidence was sufficient for submission to the jury. *Kelly v. Harvester Co.,* 278 N.C. 153, 157, 179 S.E. 2d 396, 398 (1971). On a motion by a defendant for a directed verdict in a jury case, the court must consider all the evidence in the light most favorable to the plaintiff and may grant the motion only if, *as a mat-*

*ter of law,* the evidence is insufficient to justify a verdict for the plaintiff. *Stewart v. Check Corp.,* 279 N.C. 278, 182 S.E. 2d 410. (1971).

In view of the foregoing, two questions arise in the instant case: Was evidence of defendant's actionable negligence sufficient to survive defendant's motion for a directed verdict? Did plaintiff's evidence establish intestate's contributory negligence as a matter of law?

[2] As to the first question stated, it is well settled in this jurisdiction that all evidence which supports plaintiff's claim must be taken as true and considered in the light most favorable to plaintiff, giving him the benefit of every reasonable inference which may legitimately be drawn therefrom, and with contradictions, conflicts and inconsistencies being resolved in plaintiff's favor. *Musgrave v. Savings & Loan Assoc., supra.* The evidence in the case at bar when considered most favorably to plaintiff, tended to show: On Christmas Eve 1969 intestate resided in a house on the north side of Rural Paved Road 1829; his mother resided in a house on the south side of the road some 250 feet west of intestate's house. Driveways led from the highway to the two residences. Between 5:00 and 5:30 p.m. while it was still light, intestate drove his motorcycle out of his driveway onto the highway and headed west with the expressed intention of going to his mother's house. The taillight of the motorcycle was burning when he left his driveway. Defendant's Ford was traveling west and struck the motorcycle near the center of the paved portion of the highway at a point adjacent to the mother's driveway. Immediately after the collision, defendant's car was seen skidding down the middle of the highway with the motorcycle under the front end of the car. About 30 feet before the car came to a stop, intestate's body came over the left front fender and hood of the car, landing on or near the left shoulder of the highway. The car slid approximately 225 feet down the highway from the point of impact, straddling the highway dividing line. Skid marks ran for about 225-230 feet, on each side of the highway dividing line and led directly up to the rear wheels of defendant's car, gradually leading to the left side of the road. There was a double yellow line at the point of impact indicating no passing in either direction. The road from intestate's driveway to the point of impact is fairly straight and begins to curve at the point of impact. The motorcycle, pointing to the driver's left, was pinned

under the car with the left front wheel of the car imbedded in the front wheel of the motorcycle. The condition of the motorcycle after the accident indicated that it was struck from the rear or left rear. Defendant stated at the scene of the accident that she did not see intestate until the moment of impact.

On the question of defendant's negligence, we think the evidence meets the standards required to withstand a motion for a directed verdict or judgment notwithstanding the verdict, and was sufficient to support plaintiff's allegations that defendant failed to drive on the right side of the highway and failed to keep a proper lookout, and that her negligence was a proximate cause of intestate's death. *Dawson v. Jennette*, 278 N.C. 438, 180 S.E. 2d 121 (1971) ; *Kelly v. Harvester Co., supra.*

[3] We now consider the question of intestate's contributory negligence. On a motion for a directed verdict on the grounds of contributory negligence, the allowance of the motion is proper only if plaintiff's evidence, considered in the light most favorable to him, so clearly establishes his own negligence as one of the proximate causes of his injuries that no other reasonable inference might be drawn therefrom. *Pompey v. Hyder*, 9 N.C. App. 30, 175 S.E. 2d 319 (1970) ; *R. R. Co. v. Hutton & Bourbonnais Co.*, 10 N.C. App. 1, 177 S.E. 2d 901 (1970). Defendant's evidence tended to show that decedent was intoxicated, but there was no evidence by plaintiff which would support this contention. On the contrary, plaintiff's rebuttal evidence tended to show that shortly before the collision there was no odor of intoxicants discernible from intestate and there was nothing unusual about his walking, his talking or the manner in which he drove his motorcycle. " . . . (U)nless plaintiff's own evidence so clearly establishes his contributory negligence as one of the proximate causes of his injury that no other reasonable inference may be drawn therefrom, the issue of contributory negligence is for the jury." *May v. Mitchell*, 9 N.C. App. 298, 176 S.E. 2d 3 (1970).

[4] Plaintiff's evidence did disclose that intestate was not wearing a helmet as required by G.S. 20-140.2(b) at the time of the collision; however, the statute expressly provides that, "(v)iolation of any provision of this subsection shall not be considered negligence *per se* or contributory negligence *per se* in any civil action."

We hold that a directed verdict or judgment notwithstanding the verdict on the grounds of contributory negligence was not justified.

The judgment entered for defendant notwithstanding the verdict is reversed, and defendant not having moved in the alternative for a new trial pursuant to Rule 50(c)(1), it is ordered that the jury verdict be reinstated and that judgment be entered thereon. *Musgrave v. Savings & Loan Assoc., supra.*

Reversed and remanded.

Judges MORRIS and PARKER concur.