STEVE W. KISER v. H. F. SNYDER, C. EDWIN ALLMAN, W. O. BARRETT, R. DOUGLAS BOYER, DALLAS CHAPPELL, VANN H. JOHNSON, MRS. H. C. LAUERMAN, CLYDE F. McSWAIN, GRADY SWISHER, MARVIN MULHERN, DR. DONALD M. HAYES AND THOMAS D. ROBINSON, TRUSTEES OF FORSYTH TECHNICAL INSTITUTE

No. 7421SC203

(Filed 5 June 1974)

1. **Colleges and Universities; Schools § 11— vocational training class — use of machinery — duty of teacher to warn of hazards**

    A teacher in a vocational training class has a duty to warn students of known hazards in the operation of machinery used in the class.

2. **Colleges and Universities; Schools § 11— injury in welding class — negligence of teacher — contributory negligence of student**

    In an action by a community college student to recover for injuries sustained while operating a metal shearing machine during a welding class, plaintiff's evidence disclosed that the class instructor sufficiently instructed the students on how to operate the machine and was not otherwise negligent toward plaintiff and that plaintiff was contributorily negligent in failing to use an auxiliary piece of metal or wood when cutting a short metal sheet and in failing to recheck the position of his fingers in relation to the guardrail after looking down to find the foot pedal; therefore, the trial court should have allowed defendants' motions for directed verdict.

APPEAL by defendants from *Wood, Judge,* 1 October 1973 Session of Superior Court held in FORSYTH County.

Plaintiff seeks to recover damages for personal injuries he sustained while operating a metal shearing machine located at and supplied by Forsyth Technical Institute, a community college organized under Chapter 115A of the General Statutes. At the time of the accident, plaintiff was a student at Forsyth

Technical Institute. The cutting machine was used in conjunction with a welding class taught by an institute employee. Defendants, whose derivitive negligence plaintiff contends precipitated his injury, are the trustees for Forsyth Technical Institute, and this action against them is authorized by G.S. 115A-35(b).

At an earlier stage of this case, defendants' motion for summary judgment was granted. This court reversed in *Kiser v. Snyder*, 17 N.C. App. 445, 194 S.E. 2d 638.

Plaintiff's evidence tended to show the following. Early in the first semester and again early in the second term, plaintiff's class, while plaintiff was present, was given general operating instructions for using the metal shearer. Part of the instructions dealt with "some safety about the machine" and included a warning to the students not to put their fingers or hand under or beyond the guardrail which separates the machine's feeder bed from its cutting area, because doing so could result in injury. The instructor demonstrated how the machine worked and was to be used. During one of the demonstrations, the instructor illustrated the proper technique for cutting short pieces of metal: a stick or second piece of metal was used to push the metal to be cut from the feeder area under the guardrail toward the cutting surface. The students were told "to use another stick or piece of metal so [they] wouldn't get [their] fingers beyond that guard."

Plaintiff, then 19 years old and a high school graduate, used the metal cutter at least twice without incident during the first semester. On one occasion, plaintiff was told by a fellow student to be careful as his fingers were too close to the guardrail. Early in the second term, plaintiff was injured while attempting to cut a short piece of metal. The tips of two of plaintiff's fingers were mashed by a hold down plunger behind the guardrail which clamps the metal to be cut in place when a foot pedal is depressed. The plungers are not activated when the shearing machine is turned on but rather do not extend unless and until the machine operator depresses the foot pedal. Plaintiff explained that he always looked under the horizontal feeder surface to see if his foot was properly situated on the pedal and that when he did so, he was unable to see the position of his hand and the metal he was cutting in relation to the feeder bed, guardrail, and shearing area. Before the accident, plaintiff did not recheck to see if his fingers were in front of the guardrail, although there was nothing which prevented him from

doing so. Plaintiff was never expressly instructed to recheck the position of his hand after locating the foot pedal.

Defendants' evidence indicated that the instructor had given more extensive explanations and warnings than those recalled by plaintiff.

The jury answered the issue in favor of plaintiff, and judgment awarding damages was entered.

*White and Crumpler by James G. White, Michael J. Lewis and G. Edgar Parker for plaintiff appellee.*

*Womble, Carlyle, Sandridge & Rice by Allan R. Gitter for defendant appellants.*

VAUGHN, Judge.

Defendants contend the trial court erred in not granting their motion for a directed verdict made at the close of plaintiff's case and renewed at the close of all the evidence. Defendants argue that the evidence was insufficient as a matter of law on the issue of negligence and that the evidence indicated that plaintiff was contributorily negligent as a matter of law.

[1, 2] Counsel has not referred to any North Carolina case involving injury to a student precipitated by alleged teacher negligence in accidents associated with manual or vocational training classes. A teacher must abide by that standard of care "which a person of ordinary prudence, charged with his duties, would exercise under the same circumstances." *Lunn v. Needles Elementary School District,* 154 Cal. App. 2d 803, 316 P. 2d 773. Plaintiff's case is bottomed on the assertion that the course instructor negligently failed to give adequate warning of the danger associated with a shearing machine, to instruct on safety measures, and to explain the operational technique. An employer has an obligation to warn an employee of known dangers. *Watson v. Construction Company,* 197 N.C. 586, 150 S.E. 20. By analogy, it is appropriate to impose a similar burden upon a teacher so far as the duty to warn a student of known hazards is concerned, particularly with respect to danger which a student because of inexperience may not appreciate. There are numerous cases from other jurisdictions which at least implicitly recognize a teacher's obligation to warn students of potential harm. *See* cases collected at 35 A.L.R. 3d 758, § 3, 4 and 6. Plaintiff's evidence discloses that plaintiff's instructor, on two separate occasions, expressly cautioned the students against putting their

hands or fingers beyond the guardrail. Moreover, the instructor expressly discussed a procedure where the risk of harm appeared especially great, to wit: shearing a short piece of metal. The students viewed a demonstration of appropriate technique for cutting short sheets of metal. We hold, as a matter of law, that plaintiff was adequately warned, and the instructor was not otherwise negligent in his dealings with plaintiff. Defendants' motion for directed verdict should have been granted.

Although discussion of the issue is not crucial in this case, we note that, assuming the instructor was negligent, plaintiff, as shown by his own evidence, was contributorily negligent as a matter of law. "Every person having the capacity to exercise ordinary care for his own safety against injury is required by law to do so, . . . " *Clark v. Roberts,* 263 N.C. 336, 139 S.E. 2d 593. Plaintiff in two respects failed to insure his safety. First, he did not use an auxiliary piece of metal or wood when cutting a short metal sheet, although the class had been instructed to do so. Second, plaintiff did not recheck the position of his fingers in relation to the guardrail after looking down to find the foot pedal. The conclusion that plaintiff was contributorily negligent as a matter of law is not altered by the fact that the instructor may not have explained that the machine's hold down plungers could exert devastating pressure on a finger or hand beyond the guardrail. By virtue of the warnings given to the entire class, plaintiff should have been aware in general terms of the risk of harm. Moreover, since plaintiff had operated the metal shearer several times prior to the accident, he should have become aware that the hold down plungers exerted considerable pressure during the cutting process. Finally, we observe that while under certain circumstances *Cutts v. Casey,* 278 N.C. 390, 180 S.E. 2d 297, precludes granting a directed verdict for the party having the burden of proof on a particular issue, that decision is inapplicable to the present case, even though defendants bear the burden of proof regarding plaintiff's contributory negligence. Plaintiff's own evidence rather than that offered by defendants establishes plaintiff's contributory negligence. We are thus confronted with one of those "few situations in which the acceptance of credibility as a matter of law seems compelled." *Cutts v. Casey, supra.* Defendants' motion for directed verdict should have been allowed.

Reversed.

Judges CAMPBELL and MORRIS concur.