RANDALL KEITH BELL, BY HIS GUARDIAN *AD LITEM* GEORGE MARTIN; AND
FRANK BELL v. HAROLD WALTER BRUEGGEMYER

No. 7722SC354

(Filed 21 March 1978)

1. **Negligence § 18; Automobiles § 85— child between 7 and 14—no contributory negligence as matter of law**

    A child between the ages of 7 and 14 cannot be held contributorily negligent as a matter of law.

2. **Automobiles § 69— striking bicyclist—sufficiency of evidence**

    In an action to recover damages sustained by the minor plaintiff when he was struck by defendant's automobile, evidence was sufficient for the jury where it tended to show that defendant failed to sound his horn before passing the minor plaintiff's bicycle; defendant attempted to pass at an intersection in violation of G.S. 20-150(c); he failed to drive on the right side of the road; he failed to keep a vigilant lookout; and he failed to keep his vehicle under control and bring it to a halt so as to avoid the collision.

3. **Automobiles § 85— child on bicycle—no contributory negligence of father**

    Plaintiff father was not barred from recovery by his own negligence in allowing his son to ride his bicycle on the highway without proper safety instructions where the evidence tended to show that the minor plaintiff's mother and father were separated; the minor was living with his mother; there was no evidence that the father gave his son permission or knew that he would ride on the highway on the day of the accident; and the father had previously given his son safety instructions.

APPEAL by plaintiffs from *Graham, Judge.* Judgment entered 1 March 1977 in Superior Court, DAVIE County. Heard in the Court of Appeals 9 February 1978.

This is an action by the plaintiffs to recover damages which they allege were proximately caused by the negligence of the defendant. The plaintiffs' evidence showed that on 12 November 1974, at approximately 5:30 p.m., Randall Keith Bell, a 13-year-old boy was riding his bicycle in a southerly direction on Highway 601 in Davie County. His cousin "Chip" Cranfill was riding ahead of him on a bicycle. The defendant was driving his automobile behind the two boys and in a southerly direction on Highway 601. There was another automobile proceeding southward on the highway between the defendant and the two boys. It was between sunset and dark. Randall Keith Bell's bicycle had a reflector about three inches in diameter under the seat and reflectors

on the pedals. At the point the parties were proceeding southward, there was an incline in the highway with a solid yellow line in the southbound lane of the highway. A short distance ahead of the parties was the intersection of Highway 601 and Angel Road.

The plaintiffs' evidence further showed that the automobile ahead of defendant passed the two boys on the bicycles a short distance before reaching the intersection. The defendant saw the two boys when the automobile ahead of him passed them. The defendant after "touching his brakes" and without sounding his horn, followed the car ahead around the bicycles. The plaintiff Randall Keith Bell was struck by defendant's automobile.

Defendant's motion for a directed verdict at the close of the plaintiffs' evidence was allowed and the plaintiffs have appealed to this Court.

*Hall, Booker, Scales and Cleland, by Roy G. Hall, Jr., for plaintiff appellants.*

*Hudson, Petree, Stockton, Stockton and Robinson, by J. Robert Elster and Robert J. Lawing, for defendant appellee.*

WEBB, Judge.

We hold there is sufficient evidence in this case for it to be submitted to the jury.

[1] We note at the outset that the minor plaintiff being between the age of 7 and 14 at the time of the accident could not be contributorily negligent as a matter of law. *Weeks v. Barnard*, 265 N.C. 339, 143 S.E. 2d 809 (1965). For this reason, a directed verdict for defendant should not have been granted on this ground. The defendant cites cases which, in a well-reasoned argument, he contends say that a 13-year-old child can be held contributorily negligent as a matter of law. We believe the case law in this State is such that we cannot accept the defendant's argument.

[2] This brings us to the question of whether there is enough evidence of defendant's negligence that the issue should be submitted to the jury. In *Webb v. Felton*, 266 N.C. 707, 147 S.E. 2d 219 (1966), a 15-year-old boy was struck while turning his bicycle in front of a bus approaching from his rear. The bus had ac-

celerated without its horn being sounded and had moved toward the center line to pass. The Court held:

> "The failure of the bus driver to blow his horn in apt time before attempting to pass the boy on his bicycle . . . was a violation of G.S. 20-149(b), and evidence of negligence." 266 N.C., at 710.

We are unable to distinguish this case from *Webb*.

Other evidence which we believe was sufficient to overcome the motion for a directed verdict is (1) the defendant attempted to pass at an intersection in violation of G.S. 20-150(c), *Teachey v. Woolard*, 16 N.C. App. 249, 191 S.E. 2d 903 (1972); (2) the defendant failed to drive on the right side of the road, *Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872 (1971); (3) the defendant failed to keep a vigilant lookout, *Wainwright v. Miller*, 259 N.C. 379, 130 S.E. 2d 652 (1963), and (4) failed to keep his vehicle under control and bring it to a halt so as to avoid the collision, *Wainwright v. Miller, supra.*

[3] The defendant further contends that plaintiff, Frank Bell, is barred from recovery by his own negligence in allowing his son to ride his bicycle on the highway without proper safety instructions. In this case, the evidence showed that the minor plaintiff's father and mother were separated and the minor was living with his mother. There is no evidence which shows the father gave his son permission or knew that he would ride his bicycle on Highway 601 on that day. The father testified that he had told his son that when he was riding a bicycle he should "watch for cars and be careful," "to watch for cars" and to "keep his eyes behind him and in front of him too in case a car slipped up on him." On this evidence we hold that plaintiff, Frank Bell, is not barred by his own contributory negligence.

It is held that this case be

Reversed and remanded.

Judges BRITT and HEDRICK concur.