JOHNNY MELVIN CROUSE v. GEORGE WOODRUFF AND CAROL JOHNSON

No. 8023SC189

(Filed 16 September 1980)

Negligence § 35.1– inexperienced tractor driver – plaintiff riding on tractor – contributory negligence as matter of law

Plaintiff's action to recover damages for injuries received while riding on a tractor on defendants' farm was barred by his own contributory negligence where plaintiff alleged that he knew one defendant had no experience driving a tractor and her operation of the tractor might not be prudent; plaintiff nevertheless rode on the back of the tractor with defendant; and defendant's negligence in turning off the tractor before plaintiff dismounted was foreseeable and was included in the risks to which plaintiff voluntarily exposed himself.

APPEAL by plaintiff from *McConnell, Judge.* Judgment entered 19 November 1979 in Superior Court, ALLEGHANY County. Heard in the Court of Appeals 26 August 1980.

---

*Crouse v. Woodruff*

---

Plaintiff seeks to recover damages for injuries received while riding on a tractor on defendants' farm. In pertinent part, plaintiff's complaint alleges the following:

> That in the Spring of 1978, Plaintiff was employed as a laborer on a farm in Alleghany County owned jointly by the Defendants; that on May 6, 1978, Plaintiff was cleaning out a barn on said farm when the Defendant, Carol Johnson, indicated to Plaintiff her desire to drive a tractor located on said farm, and which said tractor was used in the farming operation; that Plaintiff admonished Defendant, Carol Johnson, that she had no prior experience driving such equipment and therefore that her operation of said tractor might not be prudent; that notwithstanding the remonstrations of Plaintiff, Defendant Carol Johnson insisted upon operating said tractor and insisted that Plaintiff get on said tractor with her to show her its operation; that so as to prevent Defendant, Carol Johnson, from injuring herself, Plaintiff rode on said tractor with Defendant, Carol Johnson; that when Defendant, Carol Johnson, drove said tractor back to the aforementioned barn, Plaintiff instructed Defendant, Carol Johnson, not to stop the tractor until he had gotten completely off, and that pursuant to said instructions Plaintiff began to get off of the tractor; that notwithstanding Plaintiff's instructions Defendant Carol Johnson cut the motor of said tractor off which dropped the blade of said tractor toward the ground; that as a result Plaintiff was pinned between parts of the blade machinery; that Plaintiff was finally able to re-engage said tractor motor and lift the blade before he could remove his leg from the machinery; that Plaintiff has suffered severe damages and injuries as will be set forth more specifically hereinafter as a result of the aforementioned activities.

Before evidence was presented in the case, defendants moved to dismiss plaintiff's complaint pursuant to Rule 12 (b)(6) of the Rules of Civil Procedure for failure to state a claim upon which relief could be granted. The trial court granted defendants' motion, and the case was duly dismissed.

*Dan R. Murray, for plaintiff appellant.*

*White and Crumpler, by Fred G. Crumpler, Jr., G. Edgar Parker, Harrell Powell, Jr., and Edward L. Powell, for defendant appellees.*

VAUGHN, Judge.

The sole question before us is whether the court erred in allowing defendants' motion to dismiss the complaint. We conclude that the court did not err because an insurmountable bar to recovery, contributory negligence as a matter of law, appears on the face of the complaint.

The general rule is that a complaint should not be dismissed *"unless it appears to a certainty that plaintiff is entitled to no relief under any state of facts which could be proved in support of the claim." Sutton v. Duke,* 277 N.C. 94, 103, 176 S.E. 2d 161, 166 (1970) (citing Moore's Federal Practice § 12.08). For purposes of deciding the motion in this case, the allegations in plaintiff's complaint tending to show the negligence of the defendants are deemed to be admitted. Defendants' answer raised the defense of contributory negligence. Ordinarily, the defendants would have to prove plaintiff's contributory negligence. *Rockett v. City of Asheville,* 6 N.C. App. 529, 170 S.E. 2d 619 (1969). Nevertheless, plaintiff's own pleadings in this case establish the defense of contributory negligence as the sole reasonable conclusion to be drawn under any theory that could have been presented at trial. *See Warren v. Lewis,* 273 N.C. 457, 160 S.E. 2d 305 (1968); *Douglas v. Mallison,* 265 N.C. 362, 144 S.E. 2d 138 (1965).

In this case, plaintiff's conduct, as alleged in his own words, violates the standard of reasonable care and protection required of one for his own safety under similar circumstances. Restatement (Second) of Torts § 463, Comment b, and § 464 (1965). A well accepted definition of contributory negligence in North Carolina appears in *Moore v. Iron Works,* 183 N.C. 438, 439, 111 S.E. 776, 777 (1922): "[c]ontributory negligence, such as will defeat a recovery in a case like the one at bar, is the negligent act of the plaintiff, which, concurring and cooperating with the negligent act of the defendant, thereby becomes the real, efficient, and proximate cause of the injury, or the cause without which the injury would not have occurred." Assuming

---

---

defendant Johnson was negligent in turning off the tractor before the plaintiff was able to get off, it is nonetheless clear that plaintiff's own negligence was a proximate cause of his injury.

First, plaintiff was familiar with the tractor and admits in his complaint that he was aware of the attendant risks of harm involved in the operation of the tractor by an inexperienced driver. In *Bogen v. Bogen*, 220 N.C. 648, 18 S.E. 2d 162 (1942), the Court held that plaintiff wife was contributorily negligent as a matter of law for riding in an automobile driven by defendant husband when she knew that he "habitually" drove recklessly at high speed and ignored any "protest or remonstrance" made. Second, the resulting injury to plaintiff was not only reasonably foreseeable by him, but also one he could have easily avoided. *Burgess v. Mattox*, 260 N.C. 305, 132 S.E. 2d 577 (1963). Other cases finding contributory negligence as a matter of law are: *Clark v. Roberts*, 263 N.C. 336, 139 S.E. 2d 593 (1965) (inserting hand into a field chopper); *Kiser v. Snyder*, 21 N.C. App. 708, 205 S.E. 2d 619 (1974) (placing fingers in front of the guardrail on metal shearing machine); *Peeler v. Cruse*, 14 N.C. App. 79, 187 S.E. 2d 396 (1972) (standing on the blade of motor grader). For analogous cases discussing the contributory negligence of passengers in automobiles driven by inexperienced drivers, see Annot. 43 A.L.R. 2d 1155, 1163-65 (1955).

It is deemed to be true that defendant Johnson "insisted" that the plaintiff, an employee, accompany her on this dangerous driving lesson. Yet plaintiff again admits in his complaint that he knew "her operation of said tractor might not be prudent." No reasonable farm laborer familiar with a tractor and its capacity for serious injury would have ridden on the back of the tractor standing near a powerful accessory blade while an inexperienced driver operated it. Because of her known inexperience, defendant Johnson's negligence in turning off the tractor before plaintiff dismounted was foreseeable and was included in the risks to which plaintiff voluntarily exposed himself. It was not one of the general risks of his employment as a laborer to which he was required to expose himself. Plaintiff's position can draw no strength from *Swaney v. Steel Co.*, 259 N.C. 531, 131 S.E. 2d 601 (1963). In that case the risk was unknown to

the plaintiff. Here plaintiff *alleges* that he knew of the danger. His own negligence was a proximate cause of his injury and bars his recovery. The motion to dismiss was properly allowed.

Affirmed.

Judges MARTIN (Robert M.) and WEBB concur.