LARRY NEWSOME, EFFIE MAE NEWSOME TURNER AND HUSBAND, WILLIAM TURNER, AND ODELL NEWSOME v. CLEVELAND SMITH

No. 816DC722

(Filed 16 March 1982)

**Easements § 6.1; Adverse Possession § 25.1— prescriptive easement—rebuttal of presumption of permissive use—sufficiency of evidence**

In an action to establish a prescriptive easement in a roadway across defendant's land, plaintiffs' evidence was sufficient to rebut the presumption of permissive use and to be submitted to the jury where it tended to show that the roadway had been in existence for more than sixty years and had remained in the same location; the roadway was the only means of access to plaintiffs' property and had been used by plaintiffs, members of their families and the public for at least sixty years to reach plaintiffs' land for social and agricultural purposes; neither plaintiffs nor members of the public had ever asked permission of the defendant or his predecessors in title to use the road-

way and none had been given; plaintiffs and their predecessors in title had maintained the road by smoothing, upgrading and graveling it; and plaintiffs believed that they owned the roadway.

APPEAL by plaintiffs from *Long, Judge.* Judgment entered 10 February 1981 in District Court, NORTHAMPTON County. Heard in the Court of Appeals 11 March 1982.

This case arose out of the use by plaintiffs of a pathway over defendant's property to get to and from plaintiffs' land. Plaintiffs brought this action to establish an easement by prescription over the pathway and to enjoin defendant from interfering with plaintiffs' use of the path.

At trial plaintiffs' evidence tended to show that the path had been in existence for more than sixty years and had remained in the same location. The path was the only means of access to plaintiffs' property and had been used by plaintiffs, members of their families and the public for at least sixty years to reach plaintiffs' land for social and agricultural purposes. Plaintiffs' evidence tended to show that neither plaintiff nor members of the public had ever asked permission of the defendant or his predecessors in title to use the road and none had been given. Plaintiffs and their predecessors in title had maintained the road by smoothing, upgrading and gravelling it.

Defendant presented no evidence and moved for a directed verdict, which was granted. From this judgment, plaintiffs appealed.

*Thomas L. Jones, for the plaintiff-appellants.*

*No brief filed for the defendant-appellee.*

MARTIN (Robert M.), Judge.

The sole issue on appeal is whether the trial court properly granted defendant's motion for a directed verdict. Defendant is entitled to a directed verdict only if the evidence, when considered in the light most favorable to plaintiffs, fails to show the existence of each and every element required to establish an easement by prescription. *Potts v. Burnette,* 301 N.C. 663, 273 S.E. 2d 285 (1981); *Dickinson v. Pake,* 284 N.C. 576, 201 S.E. 2d 897 (1974). Plaintiffs are entitled to the benefit of every reasonable inference

which may be legitimately drawn from the evidence, and all evidentiary conflicts must be resolved in their favor. *Daughtry v. Turnage*, 295 N.C. 543, 246 S.E. 2d 788 (1978).

In order to prevail in an action to establish an easement by prescription, a plaintiff must prove the following elements by the greater weight of the evidence:

> (1) that the use is adverse, hostile or under claim of right; (2) that the use has been open and notorious such that the true owner had notice of the claim; (3) that the use has been continuous and uninterrupted for a period of at least twenty years; and (4) that there is substantial identity of the easement claimed throughout the twenty-year period. E.g., *Dickinson v. Pake*, 284 N.C. at 580-81, 201 S.E. 2d at 900-01.

*Potts v. Burnette*, 301 N.C. at 666, 273 S.E. 2d 287-88.

This case on its facts is very similar to *Dickinson v. Pake*, supra. In *Dickinson*, plaintiffs brought an action to establish a prescriptive easement in a roadway over defendant's land which had been used by themselves and the public to reach plaintiffs' property for over twenty years. The disputed roadway provided the sole means of ingress and egress to plaintiffs' land. Plaintiffs had themselves performed the slight maintenance necessary to keep the road passable. Permission to use the road had neither been sought nor given, and plaintiffs testified that, prior to the blocking of the road by defendant, they considered the road to be their own. The court in *Dickinson* held that this evidence when considered in the light most favorable to plaintiffs was sufficient to withstand defendant's motions for directed verdict and for judgment notwithstanding the verdict. The plaintiffs were entitled to have the issue submitted to the jury.

Another case on point is *Potts v. Burnette, supra.* In *Potts*, plaintiffs' evidence tended to show that the road in question had been in existence for substantially more than fifty years and had remained essentially in the same location. The road was the only means of access for vehicular traffic to plaintiffs' property. Plaintiffs, members of their families and the public had used the road for at least fifty years to reach plaintiffs' land for social and agricultural purposes. Neither plaintiffs, nor members of the public had ever requested permission of defendant or his

predecessors in title to use the road and none had been given. Plaintiffs had maintained the road by smoothing, grading and gravelling it on at least one occasion. Defendant presented no evidence, but moved for a directed verdict, which was denied. Defendant appealed and the Court of Appeals reversed, finding that plaintiffs' evidence was insufficient to go to the jury on the issue of hostility and held that defendant was entitled to a directed verdict or a judgment notwithstanding the verdict. Plaintiffs thereupon petitioned for discretionary review of the Court of Appeals' decision, which was granted. Our Supreme Court reversed the decision of the Court of Appeals and held that plaintiffs' evidence established the existence of every essential element of their claim for a prescriptive easement.

The *Dickinson* and *Potts* cases control the resolution of this appeal. Plaintiffs' evidence, viewed in the light most favorable to plaintiffs, tended to show that the disputed roadway was the only means of access to plaintiffs' land and home and has been openly and continuously used by plaintiffs and their predecessors in title for at least sixty years. No permission has ever been asked or given. Plaintiffs have maintained the road and some evidence indicates that plaintiffs believed they owned the road. This evidence, pursuant to the *Dickinson, supra,* and *Potts, supra,* cases, is sufficient to rebut the presumption of permissive use and to allow, but not compel, a jury to conclude that the road was used under such circumstances as to give the defendant notice that the use was adverse, hostile and under claim of right; that the use was open and notorious, with defendant's full knowledge and acquiescence; and that the plaintiffs and their predecessors in title had used the road continuously and uninterruptedly for a period of approximately sixty years.

Consequently plaintiffs' evidence was sufficient to carry this case to the jury. The trial court erred in granting defendant's motion for a directed verdict.

Reversed.

Judges MARTIN (Harry C.) and WHICHARD concur.