ORANGE GROCERY COMPANY v. CPHC INVESTORS, a NORTH CAROLINA
GENERAL PARTNERSHIP

No. 8215SC943

(Filed 5 July 1983)

**Easements § 6.1— easement by prescription—insufficiency of evidence**

Plaintiff failed to show an easement by prescription in a 20-foot corridor
over defendant's property where plaintiff's evidence failed to show any claim
of right and hostile or adverse use. The evidence showed that the public used
a portion of the disputed right-of-way over defendant's property until 1967 as
an access to public streets and to a bank's drive-in window, and there was
never any use by the public of the right-of-way to gain access to plaintiff's
property. Further, plaintiff neither orally nor by its actions ever expressed
any claim of right.

APPEAL by plaintiff from *Seay, Judge*. Judgment entered 15
May 1982 in Superior Court, ORANGE County. Heard in the Court
of Appeals 9 June 1983.

For a number of years plaintiff's lessee, Fowler's Food Store,
used a 20-foot corridor over defendant's property as a means of
ingress and egress to plaintiff's property. The properties are adja-
cent to one another and located in the Town of Chapel Hill. Plain-
tiff's property is used as a parking lot for Fowler's employees.
Defendant also uses its property as a parking lot and leases
spaces. Plaintiff's lot is bordered on the east by Fowler's Food
Store, on the south by a brick wall and property owned by a third
party, on the north by a store building and landscaped area and
on the west by defendant's parking lot. Defendant's lot is entered
by way of Rosemary Street. Fowler's Food Store faces south onto
Franklin Street which is parallel to Rosemary Street.

On 2 April 1981 plaintiff initiated this action alleging that
defendant planned to barricade the right-of-way to plaintiff's park-
ing lot, thus depriving plaintiff of its only access to its property.
Plaintiff alleged that its use of this right-of-way was made
without permission of defendant and its predecessors in title; and
that such use had been adverse, hostile, open, notorious, con-
tinuous and uninterrupted for over 20 years. In its answer de-
fendant responded that plaintiff had used defendant's property as
a means of access with the permission and license of defendant's
predecessors in title.

After hearing the evidence of both parties, the jury found that plaintiff had acquired an easement over the land of defendant "by adverse use of a 20 foot corridor through the parking lot exiting onto Rosemary Street . . . for a period of 20 years." The trial court, thereafter, granted defendant's motion for entry of judgment notwithstanding the verdict and alternative motion for new trial. Plaintiff appeals.

*Mount, White, King, Hutson, Walker & Carden, by Richard M. Hutson, II, and James H. Hughes, for plaintiff appellant.*

*Northen, Little & Bagwell, by Ken Bagwell for defendant appellee.*

BRASWELL, Judge.

The sole issue before this Court is whether the trial court erred in granting defendant's motion for judgment notwithstanding the verdict after the jury had returned a verdict in favor of plaintiff. After careful examination of the applicable law and the evidence in the record on appeal, we find no error and affirm the lower court's decision.

In passing on motions for either a directed verdict or judgment notwithstanding the verdict, the trial court must consider the evidence in the light most favorable to the nonmovant. The motion may be granted only if, as a matter of law, the evidence is insufficient to justify a verdict for the nonmovant. *Snellings v. Roberts*, 12 N.C. App. 476, 183 S.E. 2d 872, *cert. denied*, 279 N.C. 727, 184 S.E. 2d 886 (1971). In the case before us, the trial court was confronted with the task of determining whether plaintiff had introduced substantial evidence of each and every element required to establish an easement by prescription.

Our Supreme Court in *Dickinson v. Pake*, 284 N.C. 576, 580-81, 201 S.E. 2d 897, 900-01 (1974), set out the following four elements which must be proved by the greater weight of the evidence before a prescriptive easement is established: (1) The use must be adverse, hostile or under a claim of right. (2) The use must be open and notorious. (3) The adverse use must be continuous and uninterrupted for 20 years. (4) There must be substantial identity of the easement claimed. The burden of proving these essential elements is on the party claiming the ease-

ment. This party also has the burden of rebutting a presumption that its use is permissive and not adverse. *Potts v. Burnette*, 301 N.C. 663, 273 S.E. 2d 285 (1981).

Plaintiff's evidence tends to show that it purchased the property at issue in the 1940's. Since then this land has been used as a parking lot for Fowler's Food Store employees. The sole access to plaintiff's lot is from Rosemary Street through defendant's parking lot. Neither defendant nor its predecessors ever gave plaintiff permission to use this access across its property nor did plaintiff request permission. In 1959 plaintiff paved its parking lot. The newly paved area encroached upon defendant's parking lot about 12 inches. In December 1980 defendant purchased the parking lot adjacent to plaintiff's lot, and informed plaintiff that the access over defendant's lot would be closed as of 6 April 1981.

Plaintiff's President, Marvin Barnes, testified on cross-examination that in the past a bank with a drive-in window was housed in a building on defendant's lot. He admitted that while the bank possessed this property there was "an actively used entrance and an exit to and from the CPHC [defendant] lot to Franklin Street . . . ." He further admitted, "That way through the CPHC [defendant] lot along the driveway to Franklin Street was open to the public for years. I'm not sure it was closed to the public about 1967 when CCB [Central Carolina Bank] moved out of that location and sold its building, but that's probably right." Defendant presented evidence confirming that a bank was predecessor in title to its property; that the public used an access through the property from Franklin Street to Rosemary Street and that access to the drive-in window from Franklin Street was closed when the bank vacated the property in 1967. A witness for defendant further testified that defendant decided to block plaintiff's access to its lot after plaintiff refused to rent that portion of defendant's lot which was used as the access. The witness calculated that approximately 6 parking spaces were being utilized for this purpose.

This evidence fails to support the essential elements of use that is adverse, hostile or under a claim of right for an uninterrupted period of 20 years. A "hostile" use has been defined as "a use of such nature and exercised under such circumstances as to manifest and give notice that the use is being made under claim

of right." *Dulin v. Faires*, 266 N.C. 257, 261, 145 S.E. 2d 873, 875 (1966). "The term adverse user or possession implies a user or possession that is not only under a claim of right, but that it is open and of such character that the true owner may have notice of the claim; and this may be proven by circumstances as well as by direct evidence." *Snowden v. Bell*, 159 N.C. 497, 500, 75 S.E. 721, 722 (1912). In addition, adverse use implies use that is exclusive as against the community or public at large. 28 C.J.S. *Easements* § 15 (1941).

In the case before us, there is no testimony that the plaintiff believed the right-of-way over defendant's parking lot belonged to it or that it possessed any claim of right. We find no merit to plaintiff's argument that its one-time paving of the parking lot behind Fowler's Food Store and its paved "encroachment" of 12 inches onto the defendant's lot constitutes maintenance of the right-of-way over defendant's property which put defendant on notice of any adverse use or claim of right. Even assuming that defendant was given notice of a claim of right, the uncontradicted evidence in the record shows there was no claim of right or hostile or adverse use of defendant's property for the required 20-year period. Witnesses for both parties testified that a portion of the disputed right-of-way was used by the public as a driveway connecting Franklin Street and Rosemary Street for years and was closed to the public about 1967.

Plaintiff would have us find that the facts here are so similar to the facts in *Dickinson v. Pake, supra, Potts v. Burnette, supra,* and *Newsome v. Smith*, 56 N.C. App. 419, 289 S.E. 2d 149 (1982), that the verdict finding a prescriptive easement in favor of plaintiff must be affirmed. Our comparison of these cases with the instant case discloses fatal differences.

The plaintiffs in *Dickinson, Potts* and *Newsome*, like the plaintiff here, used a right-of-way over defendant's land as their sole means of access to their land for over 20 years. No permission had ever been requested or given. The similarity between these three cases and the case on appeal ends here. The plaintiffs in *Newsome* maintained the road over defendant's land by smoothing, upgrading and graveling it; and there was evidence that they believed they owned the road. In *Potts*, the plaintiffs on at least one occasion also smoothed, graded and graveled the

road. They "considered their use of the road to be a *right* and not a privilege." *Potts v. Burnette, supra*, 301 N.C. at 668, 273 S.E. 2d at 289. The plaintiffs in *Dickinson* performed "what slight maintenance was required" to keep defendants' road passable. *Dickinson v. Pake, supra*, 284 N.C. at 583, 201 S.E. 2d at 901. One of the plaintiffs testified that she and the other plaintiffs thought it was their road and that they had a right to use it. In *Newsome* and *Dickinson*, the roads at issue were used by plaintiffs to gain access to their homes. In *Potts*, the plaintiffs and the public used the road to reach plaintiffs' land for social and agricultural purposes and to attend funerals at a cemetery located on plaintiffs' property.

Plaintiff has shown no evidence of any claim of right and hostile or adverse use. The uncontradicted evidence shows that the public used a portion of the disputed right-of-way over defendant's property until 1967 as an access to public streets and to the bank's drive-in window. There was never any use by the public of the right-of-way to gain access to plaintiff's property. Finally, plaintiff neither orally nor by its actions ever expressed any claim of right.

The judgment entered for defendant is

Affirmed.

Judges ARNOLD and WEBB concur.