MICHAEL DWAYNE IZARD, A MINOR, BY AND THROUGH HIS GUARDIAN AD LITEM, ELOISE IZARD v. THE HICKORY CITY SCHOOLS BOARD OF EDUCATION AND JACK C. KETNER, H. ALLEN MITCHELL, CHARLES BAGBY, WILLIAM P. PITTS, BILLY L. McCURRY, LOIS YOUNG, RUEBELLE NEWTON, EACH INDIVIDUALLY AND JOINTLY AND SEVERALLY IN THEIR OFFICIAL CAPACITIES AS MEMBERS OF SAID BOARD OF EDUCATION; AND COLLEGE PARK JR. HIGH SCHOOL, AND H. DONNELL HAVNAER, JR., INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS PRINCIPAL, COLLEGE PARK JR. HIGH SCHOOL, AND BOYCE R. ROBERTS, INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY AS INSTRUCTOR, INDUSTRIAL ARTS CLASS, COLLEGE PARK JR. HIGH SCHOOL; OTHER PERSONS, WHOSE NAMES ARE PRESENTLY UNKNOWN, INDIVIDUALLY AND IN THEIR OFFICIAL CAPACITIES AS EMPLOYEES OF THE HICKORY CITY SCHOOL SYSTEM, AND THEIR AGENTS, AND SUBORDINATES AND EMPLOYEES

No. 8325SC750

(Filed 5 June 1984)

1. Negligence § 30.1— use of electric saw in school—injury—insufficient evidence of negligence

In an action instituted to recover damages as a result of an injury to plaintiff's hand incurred while cutting a piece of wood with a power saw in his school class, the trial court properly granted defendant teacher's motion for summary judgment where defendant teacher gave plaintiff and his classmates a 20-minute review session about the proper use and operation of the power saw in question, including specific instruction as to all necessary safety precautions; plaintiff was required to view this instruction despite his protests that he was already familiar with the proper use of the saw; defendant teacher spent another 20 minutes using plaintiff's wood to demonstrate how to measure, cut, and glue the wood properly; and in accordance with regular procedure, the teacher then told the class that if any student did not wish to use the machinery, the teacher would make the necessary cuts himself.

2. Negligence § 35.1— contributory negligence as a matter of law properly found

In an action to recover damages as a result of an injury, the trial court properly found that plaintiff's injury was the result of his own contributory negligence where the evidence was uncontradicted that, despite being fully instructed and warned about the proper use of a power saw, plaintiff carelessly moved his hand into the path of the blade, thereby injuring himself.

Judge PHILLIPS concurring in the result.

APPEAL by plaintiffs from *Phillips, Herbert O., III, Judge.* Judgment entered 1 April 1983 in Superior Court, CATAWBA County. Heard in the Court of Appeals 1 May 1984.

On 17 February 1982, plaintiff Michael Izard was a 14-year-old student at College Park Intermediate School in Hickory,

North Carolina and was assigned to the shop class of defendant Boyce Roberts, an industrial arts and occupational education instructor at the school. While cutting a piece of wood with a power saw in class, Izard severed several fingers from his left hand. Plaintiffs instituted this action to recover damages as a result of that injury.

Izard had previously attended Swannanoa Training School, where he had learned to use an electric saw somewhat similar to the one used in Roberts' class at College Park Intermediate School. Moreover, Izard had received instruction from Roberts in the use of the Rockwell power saw and had, in fact, been supervised in the correct operation of the saw without incident on other occasions.

On 28 May 1982, plaintiffs filed suit to recover for the injury sustained by Izard, contending that Roberts was negligent in failing to properly instruct and warn Izard about the use of the machine. Roberts answered, denying negligence and pleading Izard's contributory negligence in causing his own injury. On 17 December 1982, Roberts moved for summary judgment, which motion was granted by the trial court on 1 April 1983. From this order, plaintiffs appeal.

*Harbinson, Harbinson and Parker, by Jason R. Parker, for plaintiff appellants.*

*Petree, Stockton, Robinson, Vaughn, Glaze and Maready, by G. Gray Wilson, for defendant appellee.*

ARNOLD, Judge.

[1] Plaintiffs contend that the trial court erred in granting defendant Roberts' motion for summary judgment in that different inferences could have been drawn as to whether Roberts' negligence or Michael Izard's own contributory negligence was the proximate cause of Izard's injury. We disagree and affirm the order of the trial court.

In order to recover for negligence, plaintiff must establish (1) a legal duty, (2) a breach thereof, and (3) proximate cause of the injury. *Matthieu v. Piedmont Natural Gas Co.,* 269 N.C. 212, 152 S.E. 2d 336 (1967). In addition, North Carolina case law has stated that a teacher has a duty to abide by that standard of care "which

a person of ordinary prudence, charged with his duties, would exercise under the same circumstances." *Kiser v. Snyder*, 21 N.C. App. 708, 710, 205 S.E. 2d 619, 621 (1974) (quoting *Luna v. Needles Elementary School District*, 154 Cal. App. 2d 803, 316 P. 2d 773 (1957)). That duty generally amounts to an obligation to warn a student of known hazards, particularly those damages which he may not appreciate because of inexperience. *Id.*

In the case at bar, defendant Roberts gave Izard and his classmates a 20-minute review session about the proper use and operation of the power saw in question, including specific instruction as to all necessary safety precautions. Izard was required to view this instruction despite his protests that he was already familiar with the proper use of the saw as a result of his experience at Swannanoa Training School. Moreover, Roberts spent another 20 minutes using Izard's wood to demonstrate how to measure, cut, and glue the wood properly. In accordance with regular procedure, Roberts then told the class that if any student did not wish to use the machinery, Roberts would make the necessary cuts himself. We find this evidence establishes that Roberts did not violate the standard of care required of him by law.

[2] Defendant Roberts contends that the evidence presented to the trial court showed that Michael Izard's injury was the result of his own contributory negligence rather than any negligence on the part of Roberts. We agree. A 14-year-old boy is presumed capable of contributory negligence to the same extent as an adult in the absence of evidence that he lacked the capacity, discretion and experience which would ordinarily be possessed by a boy of that age. *Welch v. Jenkins*, 271 N.C. 138, 155 S.E. 2d 763 (1967). All the evidence indicates that, at the time of the accident, Michael Izard was a normal 14-year-old boy of ordinary capacity, discretion and experience. He was, therefore, capable of contributory negligence.

We recognize the principle that summary judgment is not often awarded with regard to negligence cases, but is appropriate only in exceptional cases. *Roberson v. Griffeth*, 57 N.C. App. 227, 291 S.E. 2d 347, *cert. den.* 306 N.C. 558, 294 S.E. 2d 224 (1982). Moreover, we are also aware of the fact that nonsuit for contributory negligence is a proper remedy only where the plaintiff's own evidence discloses contributory negligence so clearly that no

other reasonable conclusion may be drawn therefrom. *Snelling v. Roberts,* 12 N.C. App. 476, 183 S.E. 2d 872, *cert. den.* 279 N.C. 727, 184 S.E. 2d 886 (1971).

In the case at bar, the evidence presented to the trial court appears uncontradicted that, despite being fully instructed and warned about the proper use of the power saw, Michael Izard carelessly moved his hand into the path of the blade, thereby injuring himself. As his own deposition testimony states:

> I knew I was supposed to take a board and sweep the other board away so I wouldn't cut my hand but I moved my hand across there and got it up into the blade . . . I was not looking at the blade when I got my hand into it. I was looking at the piece of wood that I was going to push off the floor.

Even when considered in the light most favorable to the plaintiffs, we find this testimony clearly establishes that Michael Izard's injury was the result of his own contributory negligence. Furthermore, the meticulous instruction by Roberts about the proper use of the power saw met the standard of care required of him by law, thereby absolving him of liability. In conclusion, we hold that there is no genuine issue of material fact as regards the negligence of either party. The order of the trial court awarding defendant's motion for summary judgment is, therefore,

Affirmed.

Judge WEBB concurs.

Judge PHILLIPS concurs in the result.

Judge PHILLIPS concurring in result.

Though I agree that the order of summary judgment was correctly entered in that the evidence was insufficient to establish defendant Roberts' negligence, I do not agree that the evidence established plaintiff's contributory negligence as a matter of law. According to his affidavit, plaintiff had no experience at all and very little instruction in handling the particular type saw he was injured by, and it is a matter of common knowledge that the proper use of machines which require coordinating movements of the operator, as this one plainly did, often depends more upon habit

and practice than it does thought. In my opinion, plaintiff's failure to do what he had been instructed to do, though evidence of negligence, was also in keeping with his inexperience and inability, and, therefore, no proper basis for concluding that he was contributorily negligent as a matter of law. In my view, what the ordinary, reasonable and similarly inexperienced person would do under like circumstances is clearly a question of fact for the jury, rather than a question of law for judges.